# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-JORDAN/O'SULLIVAN


UNITED STATES OF AMERICA

v.

HAFIZ MUHAMMAD SHER ALI KHAN,
ALI REHMAN,
       a/k/a Faisal Ali Rehman,
IRFAN KHAN,
IZHAR KHAN,
ALAM ZEB, and
AMINA KHAN,
       a/k/a Amina Bibi,

       Defendants.
_____/

## DETENTION ORDER

On May 23, 2011, this Court conducted a hearing pursuant to Title 18 U.S.C. § 3142(f) in order to determine whether defendants Hafiz Muhammad Sher Ali Khan ("Hafiz Khan") and Izhar Khan should be detained prior to trial.

Having considered the evidence presented at the pre-trial hearing, the pre-trial services reports, the indictment, and the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendants as required and protect the safety of the community. Therefore, this Court orders the detention of defendants Hafiz Khan and Izhar Khan prior to trial and until the conclusion of the trial.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for detention:

1.      The defendants have been charged by indictment with conspiring to provide, and providing, material support to a conspiracy to murder, kidnap and maim persons overseas, in violation of 18 U.S.C. § 2339A; and with conspiring to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B. Defendant Hafiz Khan is additionally charged with providing material support to a foreign terrorist organization,  in violation of 18 U.S.C. § 2339B. The charges are serious and each carries a maximum sentence of 15 years' imprisonment.

2.      The presumption in favor of detention, as set forth in 18 U.S.C. § 3142(e), applies to these defendants by virtue of the charges against them under 18 U.S.C. §§ 2339A and B.

3.      The government proffered evidence that the defendants, along with associates in the United States and in Pakistan, provided financial assistance and other material support to the Pakistani Taliban, a designated foreign terrorist organization that has engaged in repeated acts of terrorism and violence.  The Court subsequently allowed the defendants to cross-examine one of the case agents from the Federal Bureau of Investigation.  The Court also received testimony from a witness on behalf of defendant Hafiz Khan, and a proffer of testimony on behalf of defendant Izhar Khan.

4.      According to the government's proffer, Hafiz Khan enthusiastically endorsed the Pakistani Taliban's violence, declaring his wish that Americans be killed and calling for a violent jihad against the Pakistani government and its perceived allies. Despite knowing that group's violent means, Khan and his sons collected and sent money to Pakistan for the Pakistani Taliban, where it was received and distributed by co-conspirators.  Khan sent his own money as well as money given by others for the Pakistani Taliban cause.  In addition to specific transfers corroborated by bank records, there are many instances where Khan discussed sending, or having sent, money to the

2

Pakistani Taliban. Khan also supported the Pakistani Taliban through a madrassa in Pakistan, from which, Khan claimed in one recording, children went to learn to kill Americans.

5. Also according to the government's proffer, Izhar Khan played an important, if more narrow, role in facilitating these offenses. Izhar collected money in the United States that was intended for mujahideen in Pakistan, sent money to Pakistan to a Pakistani Taliban sympathizer, and gave money himself to the mujahideen while traveling in Pakistan in 2009 (a trip not disclosed in his pre-trial services report).

6. The government's evidence against these defendants, including recordings obtained under the Foreign Intelligence Surveillance Act, is compelling. As stated by this Court on the record at the hearing, Hafiz Khan was extremely active in Pakistani Taliban matters, using his extensive contacts and financial resources to play a leadership role in the offense and threatening death to Americans. Izhar Khan also participated in the offense. The government also presented evidence regarding Hafiz Khan's role in creating false travel documents and his extensive financial ties inside and outside the United States. The pertinent history and characteristics of the defendants, as set forth in the pre-trial services reports and addressed at the hearing, likewise provide evidence of both defendants' danger to the community and their incentive, and ability, to flee.

5. Based upon the above findings of fact, this Court concludes, by clear and convincing evidence, that the defendants pose a danger to the community. The Court further concludes that the defendants present a serious risk of flight, which is supported by a preponderance of the evidence.

6. Therefore, the Court hereby directs that:

    a. Defendants Hafiz Muhammad Sher Ali Khan and Izhar Khan be detained without bond;

    b. The defendants be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from

3

persons awaiting or serving sentences or being held in custody pending appeal;

c.   The defendants be afforded reasonable opportunity for private consultation with their counsel;

d.   On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendants are confined, deliver the defendants to a United States Marshal for the purpose of appearance in connection with court proceedings.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of May, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE