UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-SCOLA/BANDSTRA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

HAFIZ MUHAMMAD SHER ALI KHAN,
ALI REHMAN,
   a/k/a Faisal Ali Rehman,
IRFAN KHAN,
IZHAR KHAN,
ALAM ZEB, and
AMINA KHAN
   a/k/a Amina Bibi,

      Defendants.

_____/

## ORDER ON DISCOVERY MOTIONS

THIS CAUSE came before the Court on the following discovery motions filed by defendants in this case. Reviewing these motions, all responses thereto, the Court file and applicable law, and in consideration of oral arguments of the parties at the hearing conducted in this motion on January 4, 2012, it is hereby

ORDERED AND ADJUDGED as follows:

a. [Defendant Hafiz Muhammad Sher Ali Khan's] Motion to Compel Production of Discovery (D.E. 95) filed on August 7, 2011, is DENIED due to defendant's failure to file a supporting memorandum of law as required by Local Rule 7.1 of this Court; and for failure to confer with opposing counsel in a good faith effort to resolve the issues raised in this motion as required by Local Rule 88.9(a) of this Court. Defendant shall have leave to refile this motion in compliance with these rules.

b. [Defendant Hafiz Muhammad Sher Ali Khan's] Motion to Disclose Confidential Informant (D.E. 96) filed on August 7, 2011 is GRANTED solely to the extent that the government shall disclose the true identity of the confidential informant, if not already disclosed, and with respect to the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), with respect to the confidential informant.  Defendant's motion is denied in all other respects at this time.

c. [Defendant] Irfan Khan's Second Motion to Compel Discovery (D.E. 170) filed on October 21, 2011 is DENIED, the Court finding that the requested information, i.e. all documents and other information in the government's possession supporting the general allegations contained in the introductory paragraphs of the Superseding Indictment, is not required to be produced under Rule 16 of the Federal Rules of Civil Procedure.  In addition, the Court finds that defendant's request for "all" such information is overly broad and requests information that is largely available from numerous public sources.  Moreover, the Court finds that defendant fails to show that the requested information is material to his defense in that defendant is legally barred from challenging the Pakistani Talliban's designation as a foreign terrorist organization (FTO) under 8 U.S.C. §1189(a)(8).  *See United States v. Afshari*, 426 F.3d 1150, 1155-56 (9th Cir. 2005).

d. [Defendant Hafiz Muhammad Sher Ali Khan's] Motion to Compel Production of Discovery (D.E. 214) filed on December 8, 2011 is GRANTED with respect to the government's continuing obligation to produce information relevant to the confidential informant under *Brady*, but denied with respect to defendant's request for the immediate production of information concerning the confidential informant under *Giglio*

2

*v. United States*, 405 U.S. 150 (1972).  However, the Court will order the government to comply with paragraphs D and E of the Standing Discovery Order (the "*Giglio*" obligation) no later than forty-five (45) days prior to the trial date, currently set for November 5, 2011, with respect to the confidential informant.

DONE AND ORDERED in Chambers, at Miami, Florida, this 12ᵗʰ day of January, 2012.

Ted E. Bandstra
United States Magistrate Judge

Copies provided to:
United States District Robert N. Scola, Jr.
All counsel of record