## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### No. 11-20331-CR-SCOLA/BANDSTRA

UNITED STATES OF AMERICA

       v.

HAFIZ MUHAMMAD SHER ALI KHAN, et al.

     Defendants.

_____/

## ORDER ON MOTION FOR DISCLOSURE OF FISA APPLICATIONS AND ORDERS; MOTION TO SUPPRESS EVIDENCE DERIVED FROM FISA INTERCEPTS; AND MOTION TO CLARIFY THE LEGAL AUTHORITY RELIED UPON BY THE GOVERNMENT TO CONDUCT ELECTRONIC SURVEILLANCE

THIS MATTER is before the Court on Defendant Irfan Khan's Motion for Disclosure of FISA Applications and Orders (ECF No. 212), his Motion to Suppress Evidence Derived from FISA Intercepts (ECF No. 236), and Defendant Hafiz Khan's Motion to Clarify the Legal Authority Relied Upon by the Government to Conduct Electronic Surveillance (ECF No. 219). For the reasons set forth below, it is **ORDERED and ADJUDGED** that Defendant Irfan Khan's Motions (ECF Nos. 212, 236) are **DENIED** and Defendant Hafiz Khan's Motion (ECF No. 219) is **GRANTED**.

In his Motions, Defendant Irfan Khan moves the Court to review certain FISA-related materials, disclose these materials to the Defendant, and to suppress all intercepts and fruits of the FISA surveillance and searches.

The Court has reviewed the applications, affidavits, orders, and other FISA-related materials to assess the legality of the surveillance and searches here. *See United States v. Mubayyid*, 521 F. Supp. 2d 125, 131 (D. Mass. 2007); *United States v. Rosen*, 447 F. Supp. 2d

538, 545 (E.D. Va. 2006). This review was made *in camera* and *ex parte* as required by statute. *See* 50 U.S.C. §§ 1806(f), 1825(g); *see also United States v. Belfield*, 692 F.2d 141, 147 (D.C. Cir. 1982). The Court now makes the following findings:

First, the President has authorized the Attorney General to approve applications for electronic surveillance and for physical searches for foreign intelligence information and purposes;

Second, each of the applications was made by a federal officer and approved by the Attorney General (50 U.S.C. §§ 1805(a)(1), 1824(a)(1));

Third, each of the applications contained facts establishing probable cause to believe that the target of the electronic surveillance or physical search was at the time an agent of a foreign power (50 U.S.C. §§ 1801(b)(2), 1805(a)(2)(A), 1824(a)(2)(A));

Fourth, no United States person was determined to be an agent of a foreign power solely upon the basis of activities protected by the First Amendment (50 U.S.C. §§ 1805(a)(2)(A), 1824(a)(2)(A));

Fifth, each of the applications made pursuant to § 1804 contained facts establishing probable cause to believe that each of the facilities or places at which the electronic surveillance was directed was being used, or was about to be used, by a foreign power or an agent of a foreign power (50 U.S.C. § 1805(a)(2)(B));

Sixth, each of the applications made pursuant to § 1823 contained facts establishing probable cause to believe that the premises or property to be searched was or was about to be owned, used, possessed by, or was in transit to or from an agent of a foreign power or a foreign power (50 U.S.C. § 1824(a)(2)(B));

Seventh, the minimization procedures included with the applications and orders of the judge met the requirements of § 1801(h) or § 1821(4) (50 U.S.C. §§ 1805(a)(3), 1824(a)(3));

Eighth, each application contained all statements and certifications required by § 1804 or § 1823 (50 U.S.C. §§ 1805(a)(4), 1824(a)(4));

Ninth, no certification in an application for a target who was at the time a United States person was clearly erroneous on the basis of the statement made pursuant to § 1804(a)(6)(E) or § 1823(a)(6)(E) or any other information furnished under § 1804(c) or 1823(c) (50 U.S.C. §§ 1805(a)(4), 1824(a)(4));

Tenth, each of the orders issued by the Foreign Intelligence Surveillance Court (FISC) satisfied the requirements of § 1805(c) or § 1824(c); and

Eleventh, each of the orders issued by the FISC satisfied the requirements of § 1805(d) or § 1824(d).

The Court has reviewed each FISA application, the accompanying affidavits, the FISC order(s), and the additional classified materials submitted by the Government.  After thorough *in camera* review, the Court finds that the FISC's record is sufficiently adequate in providing all the information needed to overcome the concerns and arguments raised by Defendant Irfan Khan in his Motion for Disclosure of FISA Applications and Orders.  Thus, there is no valid, legal reason for disclosure of the information the Defendant seeks in his Motion for Disclosure.  *See United States v. Duggan*, 743 F.2d 59, 78 (2d Cir. 1984) (holding that disclosure should occur only if the court determines such disclosure is necessary to make an accurate determination of the legality of the surveillance).  Additionally, as argued by the Government, to disclose the information and materials sought by the Defendant would pose a substantial threat to the national security of the United States by damaging the Government's ability to gather vital intelligence information. As

such, the Court concludes that the Government's interest in preventing disclosure of the national security information involved outweighs the Defendant's need to have the information.

Furthermore, the Court finds that the Government utilized appropriate minimization procedures to ensure the electronic surveillance and physical searches, the Government did not exceed the bounds of the authorization provided by the FISC, the Government gathered foreign intelligence information as a result of the FISA surveillance, and the Government did not exceed any time limits imposed for the surveillance and searches.

The Defendant also implicitly requests an adversarial hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Assuming without deciding that *Franks* applies to FISA applications, a defendant would be entitled to such a hearing only where he has made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included" in the FISA application and that the allegedly false statement was necessary to the FISC's approval of the application. *Id.* at 155-56. The Defendant has made no such substantial preliminary showing here and therefore is not entitled to a *Franks* hearing. But, asking a defendant to make a substantial preliminary showing that a false statement was included when the defendant has no idea what information was included is akin to "a blind man striking at an invisible foe." *United States v. Dinsio*, 468 F.2d 1392, 1394 (9th Cir. 1972), quoting *Chernekoff v. United States*, 291 F.2d 721, 724 (9th Cir. 1955). Thus, the Court has made an independent review of all of the materials and has determined that there is no indication of any false statements having been included in the FISA applications.

Defendant Irfan Khan's Motion for Disclosure of FISA Applications and Orders seeks disclosure of all FISA applications and orders. For the reasons set forth above, he is not entitled to those materials.

Defendant Hafiz Khan has filed a Motion to Clarify the Legal Authority Relied Upon by the Government to Conduct Electronic Surveillance (ECF No. 219) is which he seeks an order requiring the government to disclose whether the electronic surveillance described in the Government's notice was conducted pursuant to a traditional FISA warrant or an FAA surveillance order and, if the former, whether the affidavit and other evidence offered in support of the FISA warrant relied on any evidence derived from an FAA surveillance order.  The Government opposes such disclosure.  Although the Government has presented compelling and legally supported arguments for non-disclosure of the FISA applications and court orders, the Court finds that it has not established a legal basis to prevent the Defendants from simply knowing which version of the statute was utilized during the investigation.  As such, the Motion to Clarify is granted.  However, in order to give the Government an opportunity to seek appellate review of this ruling, the order is stayed for 20 days.  If the Government seeks an appeal, the order will be further stayed pending a ruling from the Eleventh Circuit.

Accordingly, Defendant Irfan Khan's Motion for Disclosure of FISA Applications and orders (ECF No. 212) is **DENIED**, his Motion to Suppress Evidence Derived from FISA Intercepts (ECF No. 236) is **DENIED**, and Defendant Hafiz Khan's Motion to Clarify the Legal Authority Relied Upon by the Government to Conduct Electronic Surveillance (ECF No. 219) is **GRANTED**.

**DONE and ORDERED** in chambers in Miami, Florida, on February 27, 2012.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*U.S. Magistrate Judge Ted E. Bandstra*
*Counsel of Record*