IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

No. 11-20331-CR-SCOLA/BANDSTRA(s)

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) |
| HAFIZ MUHAMMAD SHER ALI KHAN,<br>ALI REHMAN, a/k/a Faisal ali Rehman,<br>IRFAN KHAN,<br>IZHAR KHAN,<br>ALAM ZEB, and<br>AMINA KHAN, a/k/a Amina Bibi, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## GOVERNMENT'S RESPONSE TO THE COURT'S FEBRUARY 27, 2012 ORDER

The United States, through the undersigned attorneys, respectfully files this response to the "Order on Motion for Disclosure of FISA Applications and Orders; Motion to Suppress Evidence Derived from FISA Intercepts; and Motion to Clarify the Legal Authority Relied Upon by the Government to Conduct Electronic Surveillance," which was entered by the Court on February 27, 2012 (DE 278). The Order granted Hafiz Khan's "Motion to Clarify the Legal Authority Relied Upon by the Government to Conduct Electronic Surveillance" (DE 219) and found that no legal basis has been established which would "prevent the Defendants from simply knowing which version" of the Foreign Intelligence Surveillance Act (FISA) was utilized by the Government during the investigation of this case. (Order at 5).

Hafiz Khan's motion makes two requests: (1) to be informed of the version of the statute that was used to conduct the electronic surveillance in this case, and (2) to be informed whether surveillance under the FISA Amendments Act of 2008 (FAA) formed the basis of any FISA

applications.[1] The Government has already provided the information sought in Hafiz Khan's first request (*i.e.* the version of the FISA statute that was used to conduct the electronic surveillance described in the Government's notice). To the extent that the Court's order requires a response to his second request (which would require disclosure of classified FISA information), this filing should be considered a motion for reconsideration.

### I. Disclosure of the Legal Authority for FISA Surveillance

The Government provided this information to Hafiz Khan long before he filed his motion. On May 17, 2011, the Government filed a "Notice of Intent to Use Foreign Intelligence Surveillance Act Information" (DE 17), which provided the defendant with notice of the provisions of FISA used in this case: 50 U.S.C. §§ 1801-1812 and 1821-1829 (DE 17). Thus, Hafiz Khan already has the information he seeks regarding which version of the statute was used to conduct the electronic surveillance described in the Government's notice.[2]

### II. Disclosure of the Underlying Basis for FISA Applications

Hafiz Khan's motion also sought information about whether information obtained pursuant to the FAA was used as the underlying basis for the FISA orders issued in this case.

---

[1] The defendant's motion specifically focuses on section 702 of the FAA. Section 702 of the FAA permits the FISC to approve surveillance of terrorist suspects and other targets who are non-U.S. persons outside the United States, without the need for individualized court orders, when the Government needs the assistance of an electronic communications service provider. No acquisition may intentionally target a U.S. person, here or abroad, or any other person known to be in the United States. The law requires special procedures designed to ensure that all such acquisitions target only non-U.S. persons outside the United States, and to protect the privacy of U.S. persons whose nonpublic information may be incidentally acquired.

[2] The notice provided by the Government in this case actually goes beyond what FISA requires. When the Government is going to use "any information obtained or derived from an electronic surveillance of that aggrieved person pursuant to the authority of this Act," the statute only requires the Government to notify the aggrieved person and the court "that the Government intends to so disclose or so use such information." 50 U.S.C. § 1806(c); *see also* 1825(d) (same requirement for physical search).

2

Because Hafiz Khan requests disclosure of the factual basis for the FISA applications, his motion triggers Sections 1806(f) and 1825(g) of FISA – the same provisions triggered by Irfan Khan's Motion for Disclosure of FISA Applications and Orders (DE 212) ("Motion to Disclose"), and Irfan Khan's Motion to Suppress Evidence Derived from FISA Intercepts (DE 236) ("Motion to Suppress"). Sections 1806(f) and 1825(g) require *in camera, ex parte* review by the district court of "applications, orders, and other materials" relating to FISA surveillance and searches whenever the defendant seeks to "discover or obtain" information therein. Even though he is not seeking to obtain actual copies of the FISA materials, Hafiz Khan's motion nonetheless constitutes a request to "discover" information contained in the FISA applications, and Sections 1806(f) and 1825(g) apply.

The Court has already conducted, pursuant to sections 1806(f) and 1825(g), an *in camera* and *ex parte* review of the surveillance materials in this case when it addressed Irfan Khan's Motion for Disclosure, which sought the disclosure of FISA applications as well as orders. (DE 212). The Court found that the record of the Foreign Intelligence Surveillance Court (FISC) adequately provided all information needed to overcome the arguments raised in the Motion for Disclosure, and that there "is no valid, legal reason for disclosure of the information the Defendant [Irfan] seeks." (Order at 3). The Court also found that the Government "utilized appropriate minimization procedures" to ensure that surveillance and searches "did not exceed the bounds of authorization provided by the FISC." (Order at 4). Moreover, the Court concluded that the "Government's interest in preventing the disclosure of national security information . . . outweighs the Defendant's need to have the information." (Order at 4).[3]

---

[3] The Government has attached a classified appendix to this filing addressing the harm to national security that could arise from disclosure of the requested information.

Sections 1806(f) and 1825(g) further provide that the district court may disclose FISA materials to an aggrieved person "only where such disclosure is necessary to make an accurate determination of the legality of the surveillance." As the Court has already found the FISA orders in this case to have been legally obtained and implemented by the Government, disclosure of the content of the FISA materials (*i.e.*, whether FAA material formed the underlying basis for the FISA applications) is not "necessary" under the statute. Indeed, an order requiring disclosure of this FISA information to Hafiz Khan would directly contradict the Court's order denying the Motion to Disclose and the Motion to Suppress, which found disclosure of the FISA information unnecessary.[4]

                              Respectfully submitted,

                              WIFREDO A. FERRER
                              United States Attorney

By:   */s/ John C. Shipley*
        JOHN C. SHIPLEY
        Assistant United States Attorney
        Fla. Bar No. 0069670
        99 N.E. 4th Street, Suite 800
        Miami, Florida, 33132-2111
        Tel: (305) 961-9287
        Fax: (305) 536-4675

        */s/ Sivashree Sundaram*
        SIVASHREE SUNDARAM
        Assistant United States Attorney
        District Court No. A5501212
        99 N.E. 4th Street, Suite 800

---

[4] Moreover, to the extent that Hafiz Khan seeks to know whether the FAA was used as the underlying basis for the FISA surveillance in this case so that he may make constitutional challenges to FISA, he has all of the information he needs to make such challenges from the notice already supplied (DE 17). In fact, co-defendant Irfan Khan already made those arguments (DE 236).

Miami, Florida, 33132-2111
Tel: (305) 961-9430
Fax: (305) 536-4676

*/s/ Stephen Ponticiello*
*/s/ Bridget Behling*
STEPHEN PONTICIELLO
BRIDGET BEHLING
Trial Attorneys
Counterterrorism Section
National Security Division
United States Department of Justice
10th St. & Pennsylvania Ave., N.W.
Washington D.C. 20530
Tel: (202) 514-0849
Fax: (202) 514-8714

## CERTIFICATE OF SERVICE

    I hereby certify that on March 14, 2012, I electronically filed the foregoing with the Clerk of Court using CM/ECF for electronic delivery to all counsel of record.

                                              */s/ John C. Shipley*
                                              John C. Shipley
                                              Assistant United States Attorney