UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-SCOLA/BANDSTRA

UNITED STATES OF AMERICA

v.

HAFIZ MUHAMMAD SHER ALI KHAN, et al.

    DEFENDANTS.
_____/

## MOTION FOR RECONSIDERATION OF
## THE COURT'S MARCH 14, 2012 ORDER

    Defendant Hafiz Muhammad Sher Ali Khan respectfully responds to the Order on Government's Motion to Reconsider, entered by the Court on March 14, 2012. The Order permitted the government to withhold information regarding the legal authority relied upon by the government in its surveillance of the defendant. Mr. Khan moves for reconsideration of this decision.

    Mr. Khan asks the Court for an order directing the government to clarify (1) whether the electronic surveillance described in its Notice of Intent to Use Foreign Intelligence Surveillance Act Information, ECF No. 17, was conducted pursuant to the pre-2008 provisions of the Foreign Intelligence Surveillance Act ("FISA") or, instead, the FISA Amendments Act of 2008 ("FAA"); and, if the former, (2) whether the affidavit and other evidence offered in support of the FISA warrant relied on any evidence obtained under or derived from an FAA surveillance order. Clarification of the legal authority for the government's surveillance implicates no classified information but is of enormous consequence for Mr. Khan, who seeks to challenge the constitutionality of any FAA surveillance and the admissibility of any evidence obtained directly

1

under the FAA (FAA-obtained information) or as the fruits of FAA surveillance (FAA-derived information). The Court should compel the government to answer the legal questions posed in this motion.

**I.      The government has not clearly stated whether it intends to rely upon FAA-obtained information.**

The government appears to agree that FISA's notice provision requires it to disclose whether it intends to rely in these proceedings upon evidence obtained under the FAA, but it continues to obscure the answer to that question through its needlessly ambiguous response. *See* Gov't Resp. 2, ECF No. 284. In its FISA notice, the government stated that it intends to offer into evidence information obtained under or derived from electronic surveillance "conducted pursuant to" FISA. FISA Notice, ECF No. 17. As explained in Mr. Khan's original motion for clarification, that statement is ambiguous as to whether the government intends to rely upon FAA evidence. *See* Mot. to Clarify 6–7, ECF. No. 219. The FAA requires that intelligence obtained under the statute "be deemed to be information acquired from an electronic surveillance pursuant to subchapter I," 50 U.S.C. §§ 1801–1812, of FISA for the purposes of FISA's notice provision, 50 U.S.C. § 1806. 50 U.S.C. § 1881e. Since FAA-obtained information is treated as FISA-obtained information, the government's generic notification—which cites FISA subchapters I and II *in their entirety*, FISA Notice, ECF No. 17—fails to distinguish between the two.

The government's failure to answer Mr. Khan's straightforward legal question with a straightforward response is troubling. The government can resolve this aspect of Mr. Khan's motion by stating simply either that it intends or that it does not intend to rely upon evidence obtained pursuant to the FAA.

2

**II.     If the government does not intend to rely upon FAA-obtained evidence, it must clarify whether it seeks to rely upon FAA-derived evidence.**

If the government intends to rely solely upon information obtained pursuant to a traditional FISA warrant, then Mr. Khan seeks clarification of whether the government's application for that warrant relied upon evidence obtained under or derived from the FAA. Mr. Khan seeks notice, in other words, of whether the government intends to rely upon the fruits of any FAA surveillance. FISA's notice provision requires the government to give notice of its intent to rely upon information *obtained* under either FISA or the FAA as well as information *derived* from surveillance under FISA or the FAA. 50 U.S.C. § 1806(c) (requiring notice of "any information *obtained or derived* from an electronic surveillance" (emphasis added)). The statute does not permit the government to refuse to give such notice.

The government's avoidance of this legal question protects no classified information but serves to thwart any opportunity Mr. Khan might have to challenge the constitutionality of FAA surveillance and the admissibility its fruits. Contrary to the government's claim in its response to the Court's original order, Mr. Khan does not seek "disclosure of the factual basis for the FISA applications." Gov't Resp. 3, ECF No. 284. Rather, Mr. Khan seeks only a "yes" or "no" response to the question of whether the government's information was derived from—the fruit of—FAA surveillance. This result is consistent with section 1806 of FISA, which aims to protect classified facts from unwarranted disclosure, not to obfuscate the legal authority relied upon by the government and to thereby prevent evidentiary challenges. The Court should compel the government to clarify the legal authority for its surveillance.

Even were the Court to consider Mr. Khan's request under section 1806(f), as the government urges, that section also requires the government to answer Mr. Khan's straightforward legal question because disclosure of the legal authority relied upon by the

3

government for its surveillance is "necessary" for Mr. Khan to test the constitutionality of the government's surveillance. When the government intends to rely upon information obtained through FISA surveillance in a proceeding, FISA provides for judicial review of the lawfulness of that surveillance. 50 U.S.C. § 1806(f). Although the statute allows courts to conduct that review *in camera* and *ex parte* in certain circumstances, it requires courts to disclose information related to the surveillance when "such disclosure is necessary to make an accurate determination of the legality of the surveillance." *Id.* In this case, clarification of whether the government's FISA evidence was the fruit of FAA surveillance is "necessary" within the meaning of the statute.

The term "necessary" in section 1806(f) strikes a balance between the government's interest in protecting classified information and the defendant's interest in challenging the government's use of illegally obtained information. *See United States v. Belfield*, 692 F.2d 141, 147 & n.30 (D.C. Cir. 1982) (recognizing balancing involved in determination of necessity). Where parties seek disclosure of classified *facts*—such as the facts relevant to the probable-cause inquiry under FISA—courts tend to take a narrow view of necessity under section 1806(f). *See, e.g.*, *United States v. Badia*, 827 F.2d 1458, 1464 (11th Cir. 1987) (disclosure of FISA application); *Belfield*, 692 F.2d at 144 (disclosure of surveillance logs, FISA application, and FISC order); *United States v. Duggan*, 743 F.2d 59, 78 (2d Cir. 1984) (disclosure of FISA application).

But the information sought by Mr. Khan is of an entirely different kind. He seeks only to learn the *legal authority* relied upon by the government to obtain the evidence underlying its FISA application. This question implicates no classified information; it simply asks for clarification regarding the authority for a search that the government openly acknowledges. In

4

asking the government to indicate whether it plans to use the fruits of FAA surveillance, Mr. Khan seeks the very type of information Congress already compels the government to disclose under section 1806(c). There is thus no basis on which the government can claim an interest in keeping this information secret.

Mr. Khan's countervailing interest in this information, on the other hand, is substantial. Absent clarification by the government of whether its FISA-obtained evidence was the fruit of FAA surveillance, Mr. Khan will be unable to raise and the Court will be unable to settle Mr. Khan's challenge to the admissibility of the fruits of FAA surveillance. In a typical FISA surveillance case, courts undertake *ex parte*, *in camera* review of the facts supporting the FISA application as well as the government's compliance with the surveillance order's minimization requirements. *See, e.g.*, *Belfield*, 692 F.2d at 147 (*In camera* review determined that "[t]he target of the surveillance is clearly identified; the foreign policy purpose patently evident; the facts justifying the surveillance amply supported and certified to by responsible officials; and the results of the surveillance are well within the bounds set by the minimization procedures. It is readily apparent that all the *statutory requirements* have been met." (emphasis added)); 50 U.S.C. § 1806(f) (directing courts to determine if the search was "lawfully authorized and conducted"). Indeed, in fulfilling its duties under section 1806(f) here, the Court made eleven factual findings with respect to the surveillance of Mr. Khan; each concerns the government's compliance with statutory requirements. Order 1–3, ECF No. 278.

Unsurprisingly, not one of these findings speaks to the constitutionality of the FAA. Neither FISA nor the FAA requires courts unilaterally to undertake constitutional review of the authorizing statute every time the government uses evidence from surveillance in a criminal prosecution. Indeed, counsel is unaware of any instance in which a court *sua sponte* assessed the

constitutionality of a statute that raised Fourth Amendment concerns. Instead, it falls to criminal defendants to lodge constitutional challenges to evidence the government plans to use against them. *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208 (1974) (warning against unnecessary constitutional adjudication); *United States v. Watson*, 423 U.S. 411, 416 ("Because there is a 'strong presumption of constitutionality due to an Act of Congress, especially when it turns on what is reasonable,' '(o)bviously the Court should be reluctant to decide that a search thus authorized by Congress was unreasonable and that the Act was therefore unconstitutional.'" (quoting *United States v. Di Re*, 332 U.S. 581, 585 (1948))). If the Court does not grant Mr. Khan's motion for clarification, Mr. Khan will never know whether the government relied upon the FAA in applying for its FISA warrant, and he will be unable to challenge—and the Court will be unable to assess—the constitutionality of the FAA and the admissibility of the fruits of FAA surveillance in this case.

The government's argument to the contrary is, in effect, an argument that the FAA and the government's reliance upon the fruits of FAA surveillance should be effectively unreviewable.[1] That result is untenable, particularly in the context of a complex and sweeping statute such as the FAA, whose constitutionality has never been tested.

The court should order the government to clarify the legal authority it relied upon in obtaining the evidence supporting its FISA application.[2]

---

[1] This position is particularly striking given the government's recent response to a civil lawsuit challenging the constitutionality of the FAA. In that suit, the government advised the Second Circuit against "pass[ing] upon the constitutionality of the FISA Amendments Act without any factual context about . . . how (or whether) the Act has been or will be applied." Brief of Defendants–Appellees at 40, *Amnesty Int'l USA v. Clapper*, 638 F.3d 118 (2011) (No. 09-4112-cv). The government insisted, instead, that courts should consider a constitutional challenge to the FAA only when a party points to a "direct injury" as a result of FAA surveillance in, for example, a criminal case. *Id.* (indicating that constitutional challenge would come through motion to suppress under FISA, 50 U.S.C. § 1806(e)).

[2] Due process also requires that the government clarify whether its evidence was obtained under or derived from FAA surveillance. *See also* 50 U.S.C. § 1806(g) (courts must order disclosure "to the extent that due process required"). The Fifth Amendment compels disclosure of information in the government's possession if

6

## CONCLUSION

WHEREFORE, for the reasons stated herein, the Court should order the government to state (1) whether or not it intends to offer into evidence information obtained pursuant to the FAA, and, if not, (2) whether the affidavit and other evidence offered in support of the FISA warrant relied on any evidence obtained under or derived from an FAA surveillance order.

Dated: May 29, 2012

                                            Respectfully submitted,

                                          _____/s/_____
                                          Khurrum B. Wahid
                                          FL Bar 178764
                                          Counsel for Hafiz Khan
                                          Wahid Vizcaino LLP
                                          6221 W. Atlantic Blvd
                                          Pompano Beach, FL 33063
                                          (305)444-4303
                                          (305)444-4302 Fax

---

nondisclosure "affect[s] the outcome of [a] suppression hearing." *Smith v. Black*, 904 F.2d 950, 965 (5th Cir. 1990); *see also United States v. Gamez-Orduño*, 235 F.3d 453, 461 (9th Cir. 2000). Because FISA requires suppression of all illegally obtained surveillance, 50 U.S.C. § 1806(g), the government must disclose information necessary for a defendant to prevail on a motion to suppress. Here, Mr. Khan is sufficiently likely to prevail on a motion to suppress FAA-derived evidence. *See, e.g.*, *Michigan v. DeFillippo*, 443 U.S. 31, 39 (1979) (recognizing that searches regimes that, "by their own terms, authorize[] searches under circumstances which d[o] not satisfy the traditional warrant and probable-cause requirements of the Fourth Amendment" are on their face more constitutionally suspect). Therefore, due process requires the government to acknowledge whether it intends to rely upon FAA-obtained surveillance or the fruits of such surveillance. *See Alderman v. United States*, 394 U.S. 165, 171–72 (1969).

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 29th day of May, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either by electronic transmission generated by CM/ECF, or in some other manner for those counsel or parties who are not able to receive electronic filings.

                                                      _____/s/_____
                                                     Khurrum B. Wahid
                                                     FL Bar 178764
                                                     Counsel for Hafiz Khan
                                                     Wahid Vizcaino LLP