UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20331-CR-SCOLA

UNITED STATES OF AMERICA

vs.

HAFIZ MUHAMMAD SHER
ALI KHAN, et al.,

      Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Defendant Hafiz Muhammad Sher Ali Khan's Motion for Reconsideration (ECF No. 323) of the Court's March 14, 2012 Order (ECF No. 285). In the Motion, the Defendant asks the Court again to order the government to disclose whether or not it intends to offer into evidence information obtained pursuant to the FISA Amendments Act of 2008 ("FAA") and, if not, whether the affidavit and other evidence offered in support of the FISA warrant relied on any evidence obtained under or derived from an FAA surveillance order.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and this Court have permitted parties to file such motions in criminal cases." *Serrano v. United States,* 411 F. App'x 253, 255 (11th Cir. 2011) (citing *United States v. Phillips,* 597 F.3d 1190, 1199–1200 (11th Cir.2010) ("[T]he Supreme Court and this Court have permitted motions for reconsideration in criminal cases notwithstanding the fact that the Federal Rules of Criminal Procedure do not expressly provide for them and have concluded such motions toll the time for filing appeals in criminal cases.")). "Courts have tended to import the standards governing a civil motion for reconsideration into the criminal arena." *United States v. Russo*, No. 11-6337, 2011 WL 3044844, at *1 (S.D. Fla. Jul. 25, 2011) (Rosenbaum, Mag.) (citing *United States v. Pugh,* No. 09-14920, 2011 WL 1900724, at *1 (11th Cir. May 20, 2011) (noting that same standard of review applies to orders on both criminal and civil motions to reconsider)).

Accordingly, the Court briefly reviews the standards governing a motion for reconsideration in civil cases. Federal Rule of Civil Procedure 60(b) provides:

> [A] court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted); *cf. United States v. Gupta*, No. 98-6118-CR, 2002 WL 34216139, at *4 (S.D. Fla. Oct. 18, 2002) (Ryskamp, J.), *vacated on other grounds*, 363 F.3d 1169 (11th Cir. 2004) ("The appropriate grounds for granting reconsideration include the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.").

The Defendant's Motion for reconsideration fails to meet the above standards. In its previous Order the Court found that the Government had presented a compelling argument for the non-disclosure of the information sought by the Defendant. *See* ECF No. 285. Having considered the motion, the record, and the relevant legal authorities, the Court finds that the Defendant has not shown that any of the above justifications for reconsideration of that decision are present. Accordingly, it is **ORDERED and ADJUDGED** that the Defendant's Motion for Reconsideration (ECF No. 323) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on June 19, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
U.S. Magistrate Judge Ted E. Bandstra
Counsel of Record