UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-SCOLA/BANDSTRA

UNITED STATES OF AMERICA

v.

HAFIZ MUHAMMAD SHER ALI KHAN, et al.

    DEFENDANTS.
_____/

DEFENDANTS HAFIZ MUHAMMAD SHER ALI KHAN
AND IZHAR KHAN'S JOINT MOTION FOR RULE 15 DEPOSITIONS

    Defendants, Hafiz Muhammad Sher Ali Khan and Izhar Khan, by and through undersigned counsel, hereby moves the Court, pursuant to Rule 15(a) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments of the United States Constitution, for the authority to take pretrial depositions of Noor Mohammad, and co-defendants: Ali Rehman, Amina Khan, and Alam Zeb, material witnesses for the defense.

BACKGROUND

    Izhar Khan and Hafiz Muhammad Sher Ali Khan (herein after "Hafiz Khan") are charged by Indictment with Count One, Conspiracy to Provide Material Support to Terrorist in violation of 18 U.S.C. § 2339A; Count Two, Conspiracy to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B; Count Three, Material Support to Terrorists in violation of 18 U.S.C. § 2339A; and Hafiz Khan is also charged with Count Four, Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B.

1

APPLICABLE LAW

Rule 15(a)(1) of the Federal Rules of Criminal Procedure authorizes a court to order the deposition of a prospective trial witness to preserve testimony for trial in "exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). Although Rule 15 does not define "exceptional circumstances" or "the interests of justice", it is well settled that a court may grant such a motion to conduct depositions "if it appears that (a) the prospective witness[es] will be unable to attend or be prevented from attending the trial, (b) witness[es'] testimon[ies] [are] material, and (c) the prospective witness[es'] testimony[ies] [are] necessary to prevent a failure of justice." Fed. R. Crim P. 15 advisory committee's note; see United States v. Cohen, 260 F.3d 68, 78 (2nd Cir. 2001) (citing factors contained in advisory committee's note in assessing whether Rule 15 standards are satisfied); United States v. Drogoul, 1 F.3d 1546, 1556 (11th Cir. 1993).

WITNESSES ARE UNAVAILABLE TO TESTIFY AT TRIAL

"[O]rdinarily, exceptional circumstances exist within the meaning of Rule 15(a) when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice." Drogoul, 1 F.3d at 1552. "A potential witness is unavailable for purposes of Rule 15(a), however, whenever a substantial likelihood exists that the proposed deponent will not testify at trial." Id. at 1553.

Noor Mohammad, Ali Rehman, Amina Khan, and Alam Zeb all reside in Pakistan, and thus are not subject to the subpoena power of this Honorable Court. Through investigation and personal knowledge, undersigned counsel advises the Court these witnesses will not travel to the United States to testify yet all four witnesses are willing to testify on behalf of defendants Hafiz and Izhar Khan by means of a video-taped deposition. The decision whether to authorize

depositions pursuant to Rule 15 is committed to the discretion of the trial court and a videotaped deposition of exculpatory testimony should not be denied solely because the testimony is that of a fugitive defendant. United States v. Mills, 760 F.2d 1116, 1120 (11th Cir. 1985).

## WITNESS TESTIMONY IS MATERIAL

The testimony of Mr. Noor Mohammed, Mr. Ali Rehman, Ms. Amina Khan, and Mr. Alam Zeb is material to the defense. Both Hafiz and Izhar Khan have been charged with providing monetary support for terrorism and the Pakistani Taliban, which has been designated by the United States government as a Foreign Terrorist Organization (FTO), and Hafiz Khan has been accused of making statements suggesting his support of terrorism. Testimony is "material" within the meaning of Rule 15 if it addresses the charges in the case and/or the theory of defense. Drogul, 1 F.3d at 1554

Generally, the testimony of these witnesses will address the charges as well as the theory of defense in the following ways: Dispel misconceptions perceived by the prosecution regarding telephone conversations, explain how the money sent by Hafiz and Izhar Khan was used, testify as to their dealings with the Confidential Human Source during his trip to Pakistan, render first-hand accounts of the conditions in Pakistan during the time period charged in the indictment and thus the need for monetary support from the defendants residing in the United States.

More specifically, Mr. Rehman, Ms. Khan, and Mr. Zeb are material witnesses, as they all have first-hand knowledge of the allegations in the indictment. Mr. Rehman alone is involved in $35,000 of the total approximately $46,000 in transactions alleged. Indictment Overt Acts ¶¶ 2, 3, 4, 27. Ms. Khan participated in two of the conversations in which Hafiz Khan allegedly discussed giving money to the Pakistani Taliban, as well as the $900 transferred by Mr. Izhar Khan. Indictment Overt Acts ¶¶ 9, 12, 13. Mr. Zeb is involved in $2,300 of the money alleged in

3

the indictment. Indictment Overt Act ¶ 18. Together, the three can help to explain almost $39,000 of the $46,000 alleged in the indictment. Additionally, allegedly Mr. Zeb participated in a conversation with Hafiz Khan, in which Hafiz Khan says that "if Sharia were not implemented, there should be resistance and bombings that would leave no trace and no names," and Hafiz Khan advised an individual that he could assist in sending money to the Pakistani Taliban for guns. Indictment Overt Acts ¶¶ 16, 22. Each of these potential witnesses is on many of the phone calls recorded and appears in a large number of transcripts provided by the government. They will testify to the context of those calls, which make up a large portion of the evidence against the defendants.

The government claims that Noor Mohammed is a Mujahedeen who told a government source in 2010 that Izhar Khan had supported the Taliban financially for the last five years. In an interview with the defense, Noor Mohammad claims to have met Izhar Khan for the first time in 2009. Noor Mohammed stated in his interview that Izhar Khan never sent him money from the United States and also contradicts many of the claims made by the Confidential Human Source during his debriefing with the FBI after his trip to Pakistan. Additionally, Noor Mohammed also participated in telephonic conversations with Hafiz Khan which support his potential testimony and contradict what the CHS claims.

<u>WITNESSES' TESTIMONY IS NECESSARY TO PREVENT A FAILURE OF JUSTICE</u>

In order to prevent a miscarriage of justice, it is vital to the defense that it is allowed to aggressively present evidence that rebuts the government's claims set forth in the indictment. The Sixth Amendment provides that "In all criminal prosecutions, the accused shall enjoy the right […] to be confronted with the witness against him." *U. S. Const. amend VI*. It is clear in certain instances that bringing witnesses before the jury at trial may not be effectuated. In these

cases, a deposition of such witnesses must be carefully considered by the court in order to protect the defendants' Sixth Amendment rights.  See Rule 15(c)(1).

The government intends to support its case with a significant number of telephone calls recorded between Hafiz Khan and the above listed material witnesses.  These witnesses have an intimate knowledge of the transactions in which they were involved, comprising more than half of the monetary support alleged in the indictment.  The denial of their testimony to explain both the context of the conversations and the transactions would be a significant denial of both Hafiz and Izhar Khan's rights.

Based upon ongoing investigation and attempts to secure witnesses the defense reserves the right to add names to the list of witnesses that are to be deposed in Pakistan pursuant to Fed. R. Crim. P. 15. As of the time of this filing there may be an additional witness in Dubai who has yet to agree to provide testimony.  Additional witnesses from Northern Pakistan are willing to testify however they may testify in person at trial.  If in person testimony is not possible these witnesses can be added to any witnesses in Pakistan that are already scheduled to be deposed as there will be no prejudice to the Government to simply take additional witnesses while already in Pakistan to depose the above listed witnesses.

WHEREFORE, defendants Hafiz Muhammad Sher Ali Khan and Izhar Khan, by and through counsel, respectfully requests that the Court grant the relief requested herein.

Dated: June 22, 2012

                                      Respectfully submitted,

                                      _____/s/_____
                                      Khurrum B. Wahid
                                      Florida Bar No. 178764
                                      Counsel for Hafiz Khan

                                                    Wahid Vizcaino LLP
                                                    6221 W. Atlantic Blvd
                                                    Pompano Beach, FL 33063
                                                    Tel. (305)444-4303
                                                    Fax. (305)444-4302 Fax

                                                    _____/s/_____

                                                    Joseph S. Rosenbaum
                                                    Florida Bar No. 240206
                                                    Counsel for Izhar Khan

                                                    Joseph S. Rosenbaum, P.A.
                                                    2937 SW 27th Avenue, Suite 101
                                                    Miami, Florida 33133
                                                    Tel. (305) 446-6099
                                                    Fax (305) 446-6150

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 22nd day of June, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either by electronic transmission generated by CM/ECF, or in some other manner for those counsel or parties who are not able to receive electronic filings.

                                                    _____/s/_____
                                                   Khurrum B. Wahid
                                                   Florida Bar No. 178764
                                                   Counsel for Hafiz Khan
                                                   Wahid Vizcaino LLP

                                                    _____/s/_____

                                                   Joseph S. Rosenbaum
                                                   Florida Bar No. 240206
                                                   Counsel for Izhar Khan
                                                   Joseph S. Rosenbaum, P.A