UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-SCOLA/BANDSTRA

UNITED STATES OF AMERICA

v.

HAFIZ MUHAMMAD SHER ALI KHAN, et al.

    DEFENDANTS.
_____/

## DEFENDANTS HAFIZ MUHAMMAD SHER ALI KHAN AND IZHAR KHAN'S JOINT MOTION FOR ADDITIONAL WITNESSES FOR RULE 15 DEPOSITIONS

Defendants, Hafiz Muhammad Sher Ali Khan and Izhar Khan, by and through undersigned counsel, hereby moves the Court, pursuant to Rule 15(a) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments of the United States Constitution filed an initial motion for foreign depositions on June 22, 2012. Defendants indicated as new witnesses are determined necessary for trial and will not be available in the United States at time of trial those additional witnesses will be properly noticed. In addition to previously named witnesses Defendants now request to conduct pre-trial depositions of Mr. Abdul Qayyum, currently residing in Pakistan.

BACKGROUND

Izhar Khan and Hafiz Muhammad Sher Ali Khan (herein after "Hafiz Khan") are charged by Indictment with Count One, Conspiracy to Provide Material Support to Terrorist in violation of 18 U.S.C. § 2339A; Count Two, Conspiracy to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B; Count Three, Material Support to

1

Terrorists in violation of 18 U.S.C. § 2339A; and Hafiz Khan is also charged with Count Four, Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B.

## APPLICABLE LAW

Rule 15(a)(1) of the Federal Rules of Criminal Procedure authorizes a court to order the deposition of a prospective trial witness to preserve testimony for trial in "exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). Although Rule 15 does not define "exceptional circumstances" or "the interests of justice", it is well settled that a court may grant such a motion to conduct depositions "if it appears that (a) the prospective witness[es] will be unable to attend or be prevented from attending the trial, (b) witness[es'] testimon[ies] [are] material, and (c) the prospective witness[es'] testimony[ies] [are] necessary to prevent a failure of justice." Fed. R. Crim P. 15 advisory committee's note; see United States v. Cohen, 260 F.3d 68, 78 (2nd Cir. 2001) (citing factors contained in advisory committee's note in assessing whether Rule 15 standards are satisfied); United States v. Drogoul, 1 F.3d 1546, 1556 (11th Cir. 1993).

## WITNESSES ARE UNAVAILABLE TO TESTIFY AT TRIAL

"[O]rdinarily, exceptional circumstances exist within the meaning of Rule 15(a) when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice." Drogoul, 1 F.3d at 1552. "A potential witness is unavailable for purposes of Rule 15(a), however, whenever a substantial likelihood exists that the proposed deponent will not testify at trial." Id. at 1553.

Mr. Abdul Qayyum resides in Pakistan, and thus is not subject to the subpoena power of this Honorable Court. Through investigation and personal knowledge, undersigned counsel

advises the Court Mr. Qayyum will not travel to the United States to testify yet he is willing to testify on behalf of defendants Hafiz and Izhar Khan by means of a video-taped deposition.

## WITNESS TESTIMONY IS MATERIAL

The testimony of Mr. Abdul Qayyum is material to the defense. Both Hafiz and Izhar Khan have been charged with providing monetary support for terrorism and the Pakistani Taliban, which has been designated by the United States government as a Foreign Terrorist Organization (FTO), and Hafiz Khan has been accused of making statements suggesting his support of terrorism. Testimony is "material" within the meaning of Rule 15 if it addresses the charges in the case and/or the theory of defense. Drogul, 1 F.3d at 1554

Generally, the testimony of Mr. Qayyum will address the charges as well as the theory of defense in the same critical way as prior witnesses requested to be deposed: Dispel misconceptions perceived by the prosecution regarding telephone conversations, explain how the money sent by Hafiz and Izhar Khan was used, testify as to their dealings with the Confidential Human Source during his trip to Pakistan, render first-hand accounts of the conditions in Pakistan during the time period charged in the indictment and thus the need for monetary support from the defendants residing in the United States.

More specifically, Mr. Abdul Qayyum is a material witness, as he has first-hand knowledge of many of the allegations in the indictment. Money transferred to Pakistan by Mr. Hafiz Khan came into the custody of Mr. Qayyum, who receives and disburses money for Mr. Khan. For this reason, Mr. Qayyum is in a unique position to understand Mr. Khan's finances and where Mr. Khan's money was spent upon its arrival in Pakistan. Additionally, Mr. Qayyum was a participant in over thirty of the sensitive FISA recordings, several of which are provided by the government with its transcripts. His shop, Medina Medical, is discussed both on the phone

calls and in the recordings with the informant. It appears in at least two sensitive FISA-recordings translated by the government and is repeatedly referred to as "Medina *Chemist*" by the informant in his interactions with Mr. Khan, as translated by the government. *See, e.g.,* DS0036TR at 19.

<u>WITNESSES' TESTIMONY IS NECESSARY TO PREVENT A FAILURE OF JUSTICE</u>

In order to prevent a miscarriage of justice, it is vital to the defense that it is allowed to aggressively present evidence that rebuts the government's claims set forth in the indictment. The Sixth Amendment provides that "In all criminal prosecutions, the accused shall enjoy the right […] to be confronted with the witness against him." *U. S. Const. amend VI*. It is clear in certain instances that bringing witnesses before the jury at trial may not be effectuated. In these cases, a deposition of such witnesses must be carefully considered by the court in order to protect the defendants' Sixth Amendment rights. See Rule 15(c)(1).

The government's case is based primarily on money transfers and recorded statements. Mr. Abdul Qayyum was involved in transfers of money by Mr. Khan and can provide a critical perspective regarding this Mr. Khan's financial activities in Pakistan. The denial of his testimony to explain the context of his recorded conversations, the transactions in which him or his business were involved, and the way in which his business interacted with Mr. Khan would be a significant denial of both Hafiz and Izhar Khan's rights.

WHEREFORE, defendants Hafiz Muhammad Sher Ali Khan and Izhar Khan, by and through counsel, respectfully requests that the Court grant the relief requested herein.

Dated: June 27, 2012

Respectfully submitted,

_____/s/_____

4

Khurrum B. Wahid
Florida Bar No. 178764
Counsel for Hafiz Khan

Wahid Vizcaino LLP
6221 W. Atlantic Blvd
Pompano Beach, FL 33063
Tel. (305)444-4303
Fax. (305)444-4302 Fax


_____/s/_____

Joseph S. Rosenbaum
Florida Bar No. 240206
Counsel for Izhar Khan

Joseph S. Rosenbaum, P.A.
2937 SW 27th Avenue, Suite 101
Miami, Florida 33133
Tel. (305) 446-6099
Fax (305) 446-6150


**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 27th day of June, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either by electronic transmission generated by CM/ECF, or in some other manner for those counsel or parties who are not able to receive electronic filings.


_____/s/_____
Khurrum B. Wahid
Florida Bar No. 178764
Counsel for Hafiz Khan
Wahid Vizcaino LLP

_____/s/_____

Joseph S. Rosenbaum
Florida Bar No. 240206
Counsel for Izhar Khan
Joseph S. Rosenbaum, P.A