UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-SCOLA/BANDSTRA(s)

**UNITED STATES OF AMERICA**

vs.

**HAFIZ MUHAMMAD SHER ALI KHAN, et al.**

        **Defendants.**
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT HAFIZ KHAN'S "JOINT MOTION FOR ADDITIONAL WITNESSES FOR RULE 15 DEPOSITIONS (DE366)

The United States of America, through undersigned counsel, opposes the defendants' joint motion for additional Rule 15 depositions.

1. On January 9, 2012 (DE251), this Court set June 22, 2012 as the deadline for all parties to file any motions seeking Rule 15 depositions of witnesses located overseas.

2. On June 22, the defendants filed a motion (DE364) seeking Rule 15 depositions of four individuals in Pakistan. That motion is unpersuasive (we will be filing an opposition soon), but it was within the Court's deadline.

3. Five days after the deadline – on June 27, 2012 – the defendants filed a second motion for rule 15 depositions (DE366), seeking at least one additional deposition in Pakistan. This motion is clearly untimely. Despite that, it was filed without leave of Court, was not accompanied by a motion to extend the (already passed) deadline, and was not discussed with the government beforehand.

1

4.      We favor the resolution of disputes on the merits, and recognize the Court's discretion to accept out of time filings, at least when a request is actually made to the Court and good cause is shown. In this instance, however, no such request was made (so no good cause was even argued), and the defendants did not seek, before or after the deadline, our consent to a late filing.

5.      While normally we might just proceed to address a late filing despite its untimeliness, there are two additional issues here that compel us to ask the Court to enforce its deadline. First, the defendants have repeatedly in this case overlooked court-ordered deadlines or Local Rules, filing pleadings late without explanation or any accompanying request for leave of Court, and failing to consult with government counsel as required. This has occurred three times in the past month alone. Second, and of more practical concern for trial, the defendants' original June 22 motion for Rule 15 depositions suggests that they envision – notwithstanding the Court's deadline – filing seriatim motions for additional depositions overseas. *See* DE364 at 5. The Court's deadline was firm and clear, and gave the defendants 5 ½ months to put together Rule 15 motions for witnesses they have known about for over a year.

      6.      For the foregoing reasons, the Court should deny the defendants' June 27 motion for additional Rule 15 witnesses.[1]

                              Respectfully submitted,

                              WIFREDO A. FERRER
                              UNITED STATES ATTORNEY

                      By:    /s/ John Shipley
                            John C. Shipley
                             Assistant United States Attorney
                             FL Bar No. 0069670
                            Sivashree Sundaram
                             Assistant United States Attorney
                             District Court No. A5501212
                            Michael Patrick Sullivan
                             Senior Litigation Counsel
                             FL Bar No. 0134814
                            United States Attorney's Office
                            99 N.E. 4th Street, Suite 800
                            Miami, Florida 33132-2111
                            Telephone Number (305) 961-9000
                            Fax Number (305) 536-3675
                            John.Shipley@usdoj.gov
                            Sivashree.Sundaram2@usdoj.gov
                            Pat.Sullivan@usdoj.gov

                            Stephen Ponticiello
                            Bridget Behling
                            Trial Attorneys
                            Counterterrorism Section,
                            National Security Division
                            United States Department of Justice

---

[1] The witness who is the subject of the motion (Abdul Qayyum) has been known to Hafiz Khan for years and was disclosed in our discovery over twelve months ago. We are prepared to address this second motion on the merits if the Court directs us to do so, but at a minimum we ask the Court to reinforce that June 22 was a real deadline, and that the window for Rule 15 motions has now closed. The Court may recall that the government sought a much earlier deadline than June 22, but the Court accommodated the defendants' insistence on a later date.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2012, the foregoing pleading was filed electronically with the Clerk of the Court and thereby made available to all counsel of record.

/s/ John Shipley