UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-SCOLA/BANDSTRA

UNITED STATES OF AMERICA

v.

HAFIZ MUHAMMAD SHER ALI KHAN, et al.

    DEFENDANTS.
_____/

### DEFENDANTS HAFIZ MUHAMMAD SHER ALI KHAN AND IZHAR KHAN'S JOINT MOTION FOR ADDITIONAL WITNESSES FOR RULE 15 DEPOSITIONS

Defendants Hafiz Muhammad Sher Ali Khan and Izhar Khan, by and through undersigned counsel, replies to the government's response to defendant's motion for additional Rule 15 witnesses, pursuant to Rule 15(a) of the Federal Rules of Criminal Procedure to allow the addition of witnesses for overseas depositions.

### WITNESS TESTIMONY IS MATERIAL

The testimony of Mr. Abdul Qayum is material to the defense. Mr. Abdul Qayum is a businessman in Pakistan and he is central to many of the government allegations of financial transactions being funneled through his business. Defense filed the original motion for Rule 15 on June 22nd, 2012 as per the pre-trial schedule. Originally this witness was going to take steps to travel to the United States to be a live witness. The witness then advised that business commitments may prevent him from taking the time to travel to the United States. As of the June 22nd deadline it was not confirmed that Mr. Abdul Qayum agreed to be deposed in lieu of travel.

1

Subsequent to June 22nd Mr. Abdul Qayum agreed to be deposed in Pakistan. There is no prejudice to the government for the additional name being added to a request for Rule 15 depositions.

The rule itself makes clear the Court may grant the motion for foreign depositions because of exceptional circumstances and in the interest of justice. Fed.R.Crim.P. 15(a)(1). The defendants adhered to the prescribed deadline by making the request for foreign depositions within the time allotted by the Court. By definition the circumstances which give rise to requesting relief under this rule may not be as predictable and routine as other aspects of pre-trial discovery. The rule allows for this by making clear the Court is to look towards the broader interests of justice in deciding to grant the request for foreign depositions. The issue of timeliness should be linked to any stated prejudice impacting the opposing party and not a strict adherence to time lines. "...it is error rigidly to adhere to a trial schedule regardless of the all-important factors of unavailability and materiality. The ultimate inquiry is whether exceptional circumstances exist and whether it is in the interest of justice to allow the depositions to be taken. Fed.R.Crim.P. 15(a)." *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993).

In *United States v. Abu Ali,* the government was granted, over defense objections, the opportunity to take foreign depositions pursuant to Rule 15. (EDVA, 1:05-CR-53). In that case the government did not disclose the names of any of the witnesses that were to be deposed nor any information about them other than the rank they held within the Saudi Mabahith, the domestic security agency. The Court found no prejudice to the defense.

The government has ample notice to prepare for depositions even as to the one additionally listed witness. Notice as to each witnesses name must merely be "reasonable"

stating the "name and address of each deponent." Fed.R.Crim.P. 15(b)(1). In fact "Rule 15 does not require a moving party to consult with the opposing party in advance regarding the scheduling of a deposition." *Id*. It seems the government's position in their response is any requests to add witnesses for deposition must be automatically precluded by merely the fact that the witness agreed to be deposed after June 22, 2012 for a trial set in November of 2012. The additional witness named to the Rule 15 request is in the exact same location as three of the previously listed witnesses included in the June 22nd filing. There is reasonable notice and no prejudice asserted by the government.

Mr. Abdul Qayum's testimony is material to the defense, and any denial to depose him would be a denial of both Hafiz and Izhar Khan's rights. Mr. Abdul Qayum is still willing to testify but will be unable to leave his business unattended.

WHEREFORE, defendants Hafiz Muhammad Sher Ali Khan and Izhar Khan, by and through counsel, respectfully requests that the Court grant the relief requested herein.

Dated: July 9, 2012

Respectfully submitted,

_____/s/_____
Khurrum B. Wahid
Florida Bar No. 178764
Counsel for Hafiz Khan

Wahid Vizcaino LLP
6221 W. Atlantic Blvd
Pompano Beach, FL 33063
Tel. (305)444-4303
Fax. (305)444-4302 Fax

_____/s/_____

Joseph S. Rosenbaum
Florida Bar No. 240206
Counsel for Izhar Khan

Joseph S. Rosenbaum, P.A.
2937 SW 27th Avenue, Suite 101
Miami, Florida 33133
Tel. (305) 446-6099
Fax (305) 446-6150

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either by electronic transmission generated by CM/ECF, or in some other manner for those counsel or parties who are not able to receive electronic filings.

_____/s/_____
Khurrum B. Wahid
Florida Bar No. 178764
Counsel for Hafiz Khan
Wahid Vizcaino LLP

_____/s/_____

Joseph S. Rosenbaum
Florida Bar No. 240206
Counsel for Izhar Khan
Joseph S. Rosenbaum, P.A