UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-SCOLA/BANDSTRA

UNITED STATES OF AMERICA

v.

HAFIZ MUHAMMAD SHER ALI KHAN, et al.

    DEFENDANTS.
_____/

# DEFENDANTS HAFIZ MUHAMMAD SHER ALI KHAN AND IZHAR KHAN'S JOINT REPLY TO GOVERNMENT RESPONSE OPPOSING RULE 15 DEPOSITIONS

Defendants, Hafiz Muhammad Sher Ali Khan and Izhar Khan, by and through undersigned counsel, hereby moved this Court, pursuant to Rule 15(a) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments of the United States Constitution, for the authority to take pretrial depositions of Noor Mohammad, and co-defendants: Ali Rehman, Amina Khan, and Alam Zeb, material witnesses for the defense. The Government has responded opposing the request stating essentially the defense did not adequately lay out the statutory requirements for the need of such measures nor has defense laid out how such depositions would be accomplished.

## EXCEPTIONAL CIRCUMSTANCES

The Government takes the position that exceptional circumstances requiring the need to take foreign depositions to preserve testimony for trial have not been established. Defendants established the need to take foreign depositions as the witnesses are unavailable for trial and material to the defense case. Due process demands such depositions be taken.

1

The Government states the deponents have not been shown as unavailable for trial. Affidavits attesting to the unavailability of three of the four listed witnesses are now attached. (See Exhibit A). As to Mr. Noor Mohammad his unavailability is in counsel's affidavit. (See Exhibit B). Essentailly Mr. Mohammad is concerned the United States government has labeled him a Taliban member and will incarcerate him although currently he has no charges pending. If the government were willing to enter a stipulation that no such adverse actions would be taken as to Mr. Noor Mohammad it may be possible Mr. Mohammad would avail himself as he is clearly willing to testify.

As both defense and the government have stated "ordinarily, exceptional circumstances exist within the meaning of Rule 15(a) when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice." United States v. Drogul, 1F.3d 1546, 1552. The attached affidavits from Ali Rehman, Amina Bibi Khan, and Alam Zeb clearly state they are willing to testify on behalf of the other defendants, they are unwilling or able to travel to the United States, and they can provide material testimony relevant to the case at hand. Materiality of testimony, as the government points out, is not merely relevant but important to the defendant's defense and is in the interests of justice. These individuals are already going to be presented to a jury as the government will put on their testimony in their case in chief via the recorded calls between Hafiz Khan and those witnesses.

Now the government essentially seeks to exclude any opportunity for those witnesses to have any opportunity to assist the jury in understanding the calls and the context of those calls. If the government is seeking the truth they should be encouraged that the defense is actually able to provide these witnesses who up until now were only able to provide evidence with no explanation as to context. The testimony of each witness named will counter the government's allegations of material support of terrorism. The government states this is a conclusory

statement and does not lay out facts as to what exactly each witness will say. While it is understandable the government will attempt to seek Jencks material at any opportunity that is not a legal requirement at this stage in order to meet the needs of Rule 15.

As the government is well aware the government anticipates introducing over two hundred phone calls at trial. To go through each phone call involving the proposed Rule 15 witnesses and provide essentially a written sworn statement for each call is impractical and indeed not required. Additionally some information the witnesses will provide is relevant to directly impeach the informant Mr. Siddiqui.[1] However some examples can be provided. There is a phone call whereby Amina is speaking to her father, Hafiz Khan, about a family member named Amjad. The government believes this family member is someone in the Pakistan Taliban because there is speculation to this effect on the telephone calls. Amina will testify that in this particular call she was asked if she gave funds to Amjad because Hafiz Khan believed Amjad to be ill or injured and,as the family elder, felt an obligation to contribute charity to his family. Amina, after a series of such requests, finally stated she took care of this for him. Amina will testify she never in fact gave any funds to Amjad as this individual was missing prior to Hafiz Khan's requests to help him and his whereabouts were the subject of great speculation within the family. She will testify she made the statement in order to placate her elderly father who insisted upon helping any family members in need.

The other witnesses will similarly be able to speak directly to the so called evidence the government has amassed for trial. For example Ali Rehman will testify that he has never been a supporter of the Pakistani Taliban. He will point out his shop, which sold women's health and

---

[1] The government in their response at Footnote 2 states Izhar Khan is not on any tape recorded calls speaking to any of the proposed witnesses so there could be no explanation by the witnesses of the "context" of calls with defendant Izhar Khan. The witness Noor Mohammad is alleged by the government's informant to have spoken to Izhar Khan other than in the 2009 visit by Mr. Khan. Mr. Mohammad will be able to rebut such testimony and rebut that Izhar Khan ever sent any money for the Paksitan Taliban through Noor Mohammad.

beauty care products, was shut down by the Taliban during the summer of 2009 because the products such as skin cream and hair products had pictures of women on the boxes sold. Alam Zeb will, for example, testify that when the confidential human source, Mr. Siddiqui, visited Swat he had difficulty communicating because he does not speak Pashto and they have very poor or no Urdu language skills in that village. In another example Alam Zeb supposedly took Mr. Siddiqui to a gun shop on the main road to Mingora in Swat. Alam Zeb would deny this claim and state there is no gun shop on this road. Noor Mohammad would testify to statements as outlined in defense motion for foreign depositions. Noor Mohammad met Izhar Khan for the first time in 2009, Izhar Khan has never sent money to him from the United States, and would expand on his interaction with the informant. These are again only examples of the relevant and material information the proposed witnesses will present to a jury. The testimony of witnesses named in the Rule 15 request are crucial to the defense case and without such testimony there cannot be justice.

## COUNTERVAILING FACTORS

The government makes a great deal of noise about countervailing factors including how defendants have not laid out exactly how the depositions are to be conducted. Hurdles such as these were easily overcome by the government in United States v. Abu Ali, an Eastern District of Virginia matter where the government requested Rule 15 depositions of Saudi secret police members. 1-CR-53 EDVA. That case had a solution of using a live encrypted feed so the Court could make contemporaneous rulings on objections and the defendants could have their confrontation of evidence. A court interpreter was brought from the United States to Saudi Arabia. The United States Embassy in Riyadh was the location of the depositions. The depositions were completed in less than ten business days and deposed at least five witnesses. Unlike in the present case, in that case the government did not provide any names of witnesses

4

prior to, during, or after the depositions and defense counsel did not know how many witnesses the government sought to depose until arrival in Riyadh. In other words the government doth protest too much for they can accomplish such depositions when it serves their interests.

Addressing the remaining countervailing factors the government raises we should begin with the most serious. The safety of U.S. citizens is a concern for both the government and the defense. While the state department has a travel warning to Pakistan which has been in place since February of 2012, that warning in fact replaced a warning from November of 2011 which intern replaced a warning from 2010. In other words there is a long standing concern of travel to Pakistan by our State Department. Yet there is an embassy in Islamabad and a consulate in Peshawar. There are also numerous United States citizens traveling to and from Pakistan each day. While security must be taken seriously it must not be used as a shield to seek the truth. In this case the truth regarding financial transactions recorded on phone calls and conversations the informant had with people in Pakistan resides in Pakistan.

If the government is still concerned about safety, the defense would not object to the use of other government personnel who are currently located in Pakistan. There are numerous attorneys located in the United States embassy in Islamabad and many others stationed at locations in Peshawar, Lahore and Karachi. It is likely some of these U.S. attorneys stationed in Pakistan actually speak either some Pashto or Urdu. Additionally the government may stay back in the United States and appear by live video feed to ask questions of the witnesses.

The government seems to be taking the position the request for Rule 15 depositions is too late even though it is timely made[2] and based upon an agreed schedule of filings in this case. The government states defense knew of these witnesses since May of 2011 as they are named in the indictment. This statement is laughable. While the government spends reams of paper

---

[2] Defendants will reply to the government response to the Amended Rule 15 motion in a separate filing.

stating how the defense motion for foreign depositions was not supported by sworn statements or sufficiently detailed facts of what witnesses will say they simultaneously suggest from the day the indictment was filed defendants were in a position to file a request for Rule 15 depositions. (Dkt 390, pg 14, paragraph 31). The transcripts of phone calls had not been obtained let alone reviewed and no witnesses in Pakistan had been spoken to whereby their identity could be verified to support a motion. As to written notice of the date and location of the depositions the government is well aware the depositions would take place prior to trial but defense cannot unilaterally set a date. The location would also be subject to working with the government to ascertain a mutually agreeable location. However if the government wishes to play such games defense will suggest a date of September 24th to be taken in Islamabad (as the government may have concerns about Peshawar which is closer to Swat). The facility can be either a hotel or potentially a neutral embassy. If the court grants the motion counsel will work with the government to accomplish the logistics expeditiously and with safety concerns in mind.

The languages the witnesses speak are primarily Pashto. The government states defense did "not even advise what language or languages the deponent-witnesses speak, assuming of course that they do not speak English." (Dkt 390, pg 16, paragraph 35). Defense assumed the government had at some point heard the telephone calls and knew the language used on their own wire tap was Pashto. This was an oversight by defense.

<u>ADDITIONAL WITNESSES TO BE DEPOSED</u>

The government states that defendants seek permission to add witnesses to be deposed in Pakistan, once the parties arrive there, as those witnesses become available. Dkt 390, pg 12, footnote 4). Actually the thrust of defense position is there is no requirement in the rule to advise the government of witness names other than a reasonable time prior to the depositions. The court may, when entering an order allowing foreign witness depositions, set such reasonable

date.  In <u>United States v. Charles Emmanuel</u>, 06-20758-CR-Altonaga, the Court did not require a detailed proffer of what the witnesses would say and did not require the names of defendants witness to be disclosed until ten (10) days prior to the date of the deposition.  The Court essentially allowed the defense to set up the deposition and advised the government of date, time and location in that same notice ten days prior. Presently the defense has sought to be as proactive and cooperative as possible by providing names in the motion for Rule 15 filing. There is no requirement the defense provide names at the time of the request for Rule 15 filing, merely a requirement to lay out the unavailability of the witness and the materiality of the testimony. Defendants have gone beyond that requirement in this circumstance but that should not be seen as waiving the requirement of reasonable notice as to name, date, and location of deposition. Fed.R.Crim.P. 15.

WHEREFORE, defendants Hafiz Muhammad Sher Ali Khan and Izhar Khan, by and through counsel, respectfully requests that the Court grant the relief requested herein.

Dated: July 26, 2012

Respectfully submitted,

_____/s/_____
Khurrum B. Wahid
Florida Bar No. 178764
Counsel for Hafiz Khan

Wahid Vizcaino LLP
6221 W. Atlantic Blvd
Pompano Beach, FL 33063
Tel. (305)444-4303
Fax. (305)444-4302 Fax


_____/s/_____

        Joseph S. Rosenbaum
        Florida Bar No. 240206
        Counsel for Izhar Khan

        Joseph S. Rosenbaum, P.A.
        2937 SW 27th Avenue, Suite 101
        Miami, Florida 33133
        Tel. (305) 446-6099
        Fax (305) 446-6150

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 26th day of July, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either by electronic transmission generated by CM/ECF, or in some other manner for those counsel or parties who are not able to receive electronic filings.

        _____/s/_____
        Khurrum B. Wahid
        Florida Bar No. 178764
        Counsel for Hafiz Khan
        Wahid Vizcaino LLP

        _____/s/_____

        Joseph S. Rosenbaum
        Florida Bar No. 240206
        Counsel for Izhar Khan
        Joseph S. Rosenbaum, P.A