UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-SCOLA/BANDSTRA(s)

**UNITED STATES OF AMERICA**

vs.

**HAFIZ MUHAMMAD SHER ALI KHAN, et al.,**

      **Defendants.**

_____/

### GOVERNMENT'S MOTION TO PRECLUDE ARGUMENT THAT DEFENDANTS' UNLAWFUL CONDUCT IS PROTECTED BY THE FIRST AMENDMENT

The United States of America, through undersigned counsel, hereby moves for entry of an order precluding defense counsel from arguing to the jury (including during opening statement), or suggesting via witness questioning, that the defendants' unlawful conduct is protected by the First Amendment, or that the defendants' recorded statements may not be considered as evidence because they are protected by the First Amendment.[1]  As discussed below, this concern is serious and well-founded.

### Introduction

Although the specifics of their argument remain unclear, defense counsel have already taken the position inaccurately that the defendants are being prosecuted for beliefs, speech or associations safeguarded by the United States Constitution.  *See, e.g.*, DE42 at 3 ("Mr. Khan's own alleged statements that funds were actually sent to the Pakistan Taliban . . . even if true,

---

[1] Although we recognize that the deadline for motions *in limine* is several months away, we are filing this motion now because it is susceptible to immediate resolution and deals with a legal issue broader than the admission of evidence at trial.

1

would be protected by the First Amendment . . . Funds sent to his family in Pakistan would also be protected by the First Amendment."); DE226 at 17 (claiming a substantial "chill on protected activities"), 22 (contending that Hafiz's "right to freedom of association" has been infringed and asserting that "[t]he First Amendment allows advocating for the use or force or the overthrow of a government"); DE226-227 (defendant Hafiz Khan's motion to dismiss based upon the First Amendment). This claim has also been made to the media by Hafiz Khan's counsel. *See* DE 287 at 2 (quoting Mr. Wahid's comments to local press).

That argument fails, because the defendants have been indicted not for their protected beliefs, but rather their illegal actions. This Court has agreed, rejecting this claim as a basis for dismissing the indictment. Order Denying Defendants' Motions to Dismiss, DE276. As the Court wrote, "federal courts have consistently held that the provision of financial support for terrorist organizations does not constitute protected 'speech' activity." *Id.* at 13. The Court should now take the next step and ensure its ruling is not vitiated by arguments or questioning at trial that mis-state the law. Simply put, if the government proves the elements of these offenses beyond a reasonable doubt, the defendants cannot escape conviction by invoking the First Amendment, and should not be allowed to claim otherwise to the jury, or suggest that their words cannot be used as evidence against them. And even if this issue is not subject to complete resolution before the end of trial, the Court should ensure that defense counsel do not refer to the First Amendment in opening statement or thereafter comment on the First Amendment directly or indirectly in questioning witnesses.

## **Argument**

A district court has a duty to exclude evidence or argument regarding a legally insufficient

defense.  *See, e.g., United States v. Bailey*, 444 U.S. 394, 416 (1980) ("it is a testament to the importance of trial by jury and the need to husband the resources necessary for that process by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses"); *United States v. Anderson*, 872 F.2d 1508, 1516 n.12 (11th Cir. 1989) (evidence "based upon an invalid defense should be excluded because [it is] irrelevant as a matter of law to the charges of the indictment"); *United States v. Montgomery*, 772 F.2d 733, 736 (11th Cir. 1985) (same).  Defendants cannot invoke the First Amendment as a defense to the charges against them, and any argument to that effect should be precluded.

The First Amendment protects pure speech, but does not protect criminal acts.  The indictment accuses Hafiz and his co-defendants with specific action meant to further the Pakistani Taliban's violence, including financial assistance and other material support.  The First Amendment certainly does not provide a cloak for active terrorist support, whatever the purported religious or political excuse for that conduct.  *See United States v. Rahman*, 189 F.3d 88, 117 (2nd Cir. 1999) ("Notwithstanding that political speech and religious exercise are among the activities most jealously guarded by the First Amendment, one is not immunized from prosecution for such speech-based offenses merely because one commits them through the medium of political speech or religious preaching."); *see also Holder v. Humanitarian Law Project*, 130 S. Ct. 2705 (2010) (upholding § 2339B against First Amendment challenge and finding specifically that there statute does not impinge upon the First Amendment's right to freedom of association)*; Holy Land Foundation for Relief and Development v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003) (noting that "the law is well established that there is no constitutional right to fund terrorism"); *People's Mojahedin Organization of Iran v. Department*

3

*of State*, 327 F.3d 1238, 1244-45 (D.C. Cir. 2003); *Boim v. Quranic Literacy Institute*, 291 F.3d 1000, 1026 (7th Cir. 2002); *United States v. Lindh*, 212 F. Supp.2d 541, 579 (E.D. Va. 2002) ("[t]here is . . . a clear line between First Amendment protected activity and criminal conduct for which there is no constitutional protection. . . . The First Amendment's guarantee of associational freedom is no license to supply terrorist organizations with resources or material support in any form, including services as a combatant.   Those who choose to furnish such material support to terrorists cannot hide or shield their conduct behind the First Amendment.").

The jury will not be told that it may convict the defendants merely for holding unpopular or dangerous views, or expressing such views, or merely associating with others who share those views.   On the contrary, the jury will be instructed on the elements of the charged offenses, and the government's burden to prove facts establishing those elements beyond a reasonable doubt. The defendants are obviously free to argue that the government has not met its burden of proof and introduce admissible evidence purportedly disputing the government's version of their acts and state of mind.   What they cannot do is suggest to the jury that, even if the government meets its burden and proves those essential elements, the First Amendment exonerates them regardless.

Precluding these defendants from invoking the First Amendment as a defense – through evidence, cross-examination or argument of counsel – is not only required by precedent, but also is consistent with Fed. R. Evid. 403.   Under Rule 403, even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or waste of time . . . ." Allowing the defendants to propose that the First Amendment is a defense to these charges, on

4

these facts, will confuse the jury into thinking that the defendants have been indicted solely for their words or religious beliefs, which of course they have not been.  Concepts of free speech and association have deep resonance with Americans and great emotional and intellectual appeal. That is as it should be, but these defendants should not be allowed to wrap themselves in the cloak of the First Amendment and invite the jury to acquit them – notwithstanding sufficient evidence of their guilt – to vindicate perceived rights to free speech or religion.  *See United States v. Baptista-Rodriguez*, 17 F. 3d 1354, 1363 (11th Cir. 1994) ("If the court determines that the defendant's proffered evidence is irrelevant or otherwise inadmissible, it should issue a ruling *in limine* precluding the introduction of that information at trial.").

In addition, during the course of trial, the defendants cannot be allowed to confuse the jury by arguing that the First Amendment somehow prevents the jury from considering their statements or beliefs as evidence.  *See, e.g., United States v. Sattar*, 314 F. Supp. 2d 279, 301 (S.D.N.Y. 2005)*, aff'd*, 590 F.3d 593 (2nd Cir. 2009).   As Judge Cooke properly instructed the jury in the *Padilla* trial where similar issues arose, "[e]vidence of the defendants' statements on political, public or religious issues may be considered [. . .  as . . .] evidence of why the defendant was taking certain actions at the time he spoke, and what his purpose was; [. . . and . . . ] whether his opinions expressed at one time are evidence that at some other time he took actions in accordance with those opinions."  *United States v. Hassoun*, 04-60001-Cr-Cooke, DE1189 at 33-34, *aff'd, United States v. Jayyousi*, 657 F.3d 1085, 1116 (11th Cir. 2011).[2]  Yet compare the

---

[2] The Eleventh Circuit has consistently held that a person's beliefs or affiliations with religious or political groups are admissible where probative of an issue in a criminal prosecution, including terrorism prosecutions.  *See, e.g., United States v. Augustin*, 661 F.3d 1105 (11th Cir. 2011); *see also United States v. Beasley,* 72 F.3d 1518 (11th Cir. 1996); *United States v. Lehder-Rivas*, 955 F.2d 1510 (11th Cir. 1992); *United States v. Mills*, 704 F.2d 1553 (11th Cir. 1983).

argument of Hafiz's counsel earlier in this case: "We all know that we have a First Amendment right to speak about our politics.  And if that is the sum and substance of many of these conversations, those conversations should not have a bearing on this proceeding."  DE43-2 at 55. That argument is factually wrong; but for present purposes, it is also legally wrong in terms of the evidence that may be admitted and considered at trial.   The jury should not be misled.

The fact that a defendant may have a right to *make* a particular statement or express a particular view does not mean that a jury is forbidden from considering that statement for a valid purpose at trial, such as determining whether he had the intent required by the charged offenses, or whether he engaged in certain proscribed conduct. The Court cannot allow defense counsel to imply, let alone argue, otherwise.  Neither can defense counsel be allowed to make the kind of claims quoted at the start of this motion, falsely implying that the First Amendment absolutely protects sending money to family members even if that conduct violates sections 2339A or B.

## Conclusion

For all of the foregoing reasons, this Court should preclude defendants from arguing to the jury that the First Amendment is a defense to the charges against them, or that their speech may not be considered as evidence.

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

      By: /s/ John C. Shipley
         John C. Shipley
           Assistant United States Attorney
           FL Bar No. 0069670
         Sivashree Sundaram
           Assistant United States Attorney
           District Court No. A5501212

Michael Patrick Sullivan
  Senior Litigation Counsel
  FL Bar No. 0134814
United States Attorney's Office
99 N.E. 4th Street, Suite 800
Miami, Florida 33132-2111
John.Shipley@usdoj.gov
Sivashree.Sundaram2@usdoj.gov
Pat.Sullivan@usdoj.gov

Stephen Ponticiello
Bridget Behling
Trial Attorneys, Counterterrorism Section,
United States Department of Justice

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 6, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF for electronic delivery to all counsel of record.

/s/ John Shipley
Assistant United States Attorney