UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-SCOLA/BANDSTRA(s)

UNITED STATES OF AMERICA

vs.

**HAFIZ MUHAMMAD SHER ALI KHAN, et al.,**

        Defendants.

_____/

### GOVERNMENT'S MOTION TO UNSEAL COMPETENCY ORDER (DE539)

The United States of America, through undersigned counsel, moves to unseal this Court's Order of October 19, 2012 (DE539) setting forth its reasons for finding defendant Hafiz Khan competent to stand trial.

First, a Court may keep an order under seal only in rare circumstances, when supported by specific findings for restricting public access to a pleading. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001); *see also U.S. v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) (noting "presumption of openness"" for judicial orders and pleadings); *United States v. Valenti*, 987 F.2d 708, 713 (11th Cir. 1993) ("a court may restrict the right of the public and the press to criminal proceedings only after (1) notice and an opportunity to be heard on a proposed closure; and (2) articulated specific 'findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"). No such circumstances are present regarding the Court's detailed competency Order.

Second, competency pleadings and orders in federal court are not automatically, or even customarily, sealed. Even in high-profile matters (such as the Padilla terrorism prosecution and

the Bankest fraud prosecution, to take two), competency pleadings and rulings are open to the public. *United States v. Hassoun, et al.*, 04-60001-Cr-Cooke (DE888-89 and related transcripts and memoranda); *United States v. Puerto, et al.,* 392 Fed. Appx. 692 (11th Cir. 2010) discussing resolution of competency disputes in Bankest, which were litigated and decided openly before the district court, *see, e.g.*, 03-20951-Cr-Jordan, DE1081 (competency order)); *see also United States v. Moussaoui*, 2002 WL 1311734 (E.D. Va. 2002).  In this case as well, Hafiz's motion for a competency hearing (DE404, 453) and the Court's prior orders (DE409, 440) have not been sealed.  So, too, importantly, was the competency hearing on October 18, 2012; neither side made any request for closure of that hearing, even though Hafiz presented multiple exhibits and put a witness on the stand regarding his alleged mental incapacity.[1]

While medical-related issues are often the subject of legitimate privacy concerns, competency proceedings are different, because the defendant himself has put his mental condition at issue in order to avoid criminal prosecution.  Certainly a district court's *orders* making findings in a competency dispute are of public interest.  Whether the debate in this case about Hafiz's competency arose initially out of a request by Hafiz's lawyer, a concern from the Court, or both (the government does not know), Hafiz's lawyer plainly and unquestionably put his client's competency to stand trial squarely at issue by insisting on a full public hearing regarding that subject, and claiming expressly – when asked pointedly by the Court – at the start of the October 18 hearing that, indeed, he was taking the position that his client was incompetent.

---

[1] We are not seeking to unseal the entirety of the underlying BOP report, to the extent it remains sealed and the defendant opposes its release.  Our recollection is that Hafiz marked the report as an exhibit during the competency hearing, so it may already be a public document along with his other exhibits.

2

Third, keeping the Order sealed imposes a needless burden on the parties and the Court. Just yesterday, defendant Izhar moved this Court in "emergency" fashion (DE545) to unseal pleadings that were filed under seal earlier in the case regarding his pre-trial detention, so that he can address those pleadings openly before the Court of Appeals. The same scenario will inevitably result here if Hafiz is convicted and the Court's competency ruling becomes an issue in the Eleventh Circuit down the line; we will be back before the Court to unseal the Order. The findings underlying the Court's competency ruling may also be discussed in pre-trial hearings and motions leading up to our trial, such as in a motion *in limine* to preclude arguments that Hafiz's purported mental impairments made him unable to commit these crimes. *See United States v. Westcott*, 83 F.3d 1354, 1357 (11th Cir. 1996) ("Congress intended to prohibit the presentation of evidence of mental disease or defect, short of insanity, to excuse conduct."). Yet if those findings under seal, all discussions and pleadings relating to them may have to be closed as well. At minimum, sorting out this question will cause confusion to the parties and impose a burden on the Court as it handles sealed pleadings and weighs closing the courtroom to address issues that otherwise would not require such steps.

Finally, Hafiz's claim of incompetence has been covered in the media, in some instances accompanied by quotes from Hafiz's lawyer trying to advance that claim. *See* http://articles.sun-sentinel.com/2012-08-31/news/fl-margate-miami-imams-20120831_1_izhar-khan-religious-leaders-hafiz-khan ("'I'm seeing short-term memory problems and issues with him having the same conversations repeatedly,' said his lawyer, Khurrum Wahid."). The government wants this case tried in the courtroom, not in the press; but given the media coverage of Hafiz's competency claim, spurred on by the defendant, to deny the public access to the Court's reasons for ultimately denying that claim raises a question of fairness and accuracy.

3

For all of these legal and practical reasons, DE539 should be unsealed. We have contacted defense counsel about this request. Izhar Khan's lawyer indicated that his client was not at issue in the competency proceeding. Hafiz's lawyer did not reply to us.

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

By:   /s/ John C. Shipley
    John C. Shipley
      FL Bar No. 0069670
    Sivashree Sundaram
      District Court No. A5501212
    Michael Patrick Sullivan
      FL Bar No. 0134814
    United States Attorney's Office
    99 N.E. 4th Street, Suite 800
    Miami, Florida 33132-2111
    Telephone Number (305) 961-9000
    John.Shipley@usdoj.gov
    Sivashree.Sundaram2@usdoj.gov
    Pat.Sullivan@usdoj.gov
    Bridget Behling
    Trial Attorneys, Counterterrorism Section,
    United States Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2012, the foregoing was filed with the Clerk of the Court and delivered to all counsel of record.

    /s/ John Shipley
    Assistant United States Attorney