UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-SCOLA(s)

UNITED STATES OF AMERICA,

vs.

HAFIZ MUHAMMAD SHER ALI KHAN
and IZHAR KHAN, et al.,

        Defendants.
_____/

## GOVERNMENT'S MOTION TO PRECLUDE DEFENSE USE OF HEARSAY EVIDENCE DURING CROSS-EXAMINATION OF CASE AGENT

The United States of America, through undersigned counsel, moves to preclude the defendants from using the cross-examination of the FBI case agent as a vehicle to put inadmissible hearsay before the jury. Although we have raised these issues in our trial brief, the defense has not yet responded to them, so we are bringing these issues forward as a motion, because the case law does not allow what the defendants already have suggested (based upon trial comments thus far) that they will seek to do.

The Eleventh Circuit recently reiterated that cross-examination of a government witness, even an important one, is subject to limits. As it explained:

> The Sixth Amendment guarantees a criminal defendant the right to impeach adverse witnesses through cross-examination. *United States v. Arias–Izquierdo*, 449 F.3d 1168, 1178 (11th Cir. 2006). "A defendant is entitled to cross-examine government witnesses as to any possible motivation for lying or bias []. *United States v. De Parias*, 805 F.2d 1447, 1452 (11th Cir.1986) []. Where the witness is a chief government witness, the right to full cross-examination increases in importance. *Arias–Izquierdo*, 449 F.3d at 1178. . . .

1

> The right to cross-examine is not unlimited, however. A defendant is not entitled to cross-examine "in whatever way, and to whatever extent, the defense might wish," *see Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (per curiam), or to conduct unlimited inquiry into the potential bias of a witness, *De Parias*, 805 F.2d at 1452 []. The Sixth Amendment is satisfied so long as a defendant is permitted cross-examination which "exposes the jury to facts sufficient to evaluate the credibility of the witness and enables defense counsel to establish a record from which he properly can argue why the witness is less than reliable." *United States v. Baptista–Rodriguez*, 17 F.3d 1354, 1371 (11th Cir.1994) (citing *United States v. Bennett*, 928 F.2d 1548, 1554 (11th Cir.1991)). A district court retains wide latitude to impose reasonable limits on cross-examination. *United States v. Williams*, 837 F.2d 1009, 1015 (11th Cir.1988); *Baptista–Rodriguez*, 17 F.3d at 1370–71.

*United States v. Barrington*, 648 F.3d 1178, 1187-88 (11th Cir. 2011).

It is clear already that the defendants will try to use Special Agent Ferlazzo to put their entire case before the jury, including statements by their clients or third parties on transcripts or FBI 302s. The defendants are entitled to use items including transcripts already in evidence, once they have provided us the same notice about the portions/excerpts from our admitted transcripts they are going to use that we were compelled to give them prior to Special Agent Ferlazzo's direct testimony. But they cannot put statements by their clients or others which are not in evidence before the jury unless they can overcome strict hearsay limits. We are therefore asking the Court to apply and enforce the Eleventh Circuit's hearsay case law.

### Hearsay Testimony from the Defense:  Defendants' Own Statements

Defendants' counsel cannot introduce, directly or through the guise of cross-examination questions, their clients' own statments – on transcripts or in some other format, such as pre-existing documents or post-arrest interviews – except as admitted by the government already. To the extent that these statements were made out of court and would be offered for the truth of the matter asserted, they are plainly hearsay and not subject to any of the hearsay exceptions. *See*

2

*e.g.*, Fed R. Evid. 801(d)(2) (party-opponent exception to hearsay rule only applies when "[t]he statement is offered against a party and is [] the party's own statement[.]"); *see also United States v. Ramirez-Perez*, 166 F.3d 1106, 1114 (11th Cir. 1999) (noting that, "of course," a defendant's attempt to introduce his own statements to an agent "would have been subject to a hearsay objection" unless the defendant could show that the statement fit within one of the hearsay exceptions–in that case, the statement against interest exception); *Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999) ("[T]he district court properly refused to admit those statements because a witness' testimony as to her own prior out-of-court statement is generally hearsay."); *United States v. Eaton*, 485 F.2d 102, 105 (10th Cir. 1973) (A witness' "prior statements are admissible only to impeach or discredit the witness and are not competent substantive evidence of the facts to which the former statements relate."). This reasoning applies not only to transcripts, but items such as post-arrest statements, which the government did not introduce. *See United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985) (affirming district court's refusal to permit defendant to cross-examine government witnesses about his post-arrest statement which the government did not offer); *see also United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999).

In *United States v. Bond*, 87 F.3d 695, 699-700 (5th Cir. 1996), the Fifth Circuit illustrated these rules by pointedly rejecting an attempt by a defendant to introduce an audiotaped statement he himself had made:

> The magistrate judge initially admitted into evidence a transcript of the tape Bond made while a fugitive, but later reversed himself and held that the transcript constituted inadmissible hearsay: We agree with the magistrate's ultimate result. The transcript was not admissible under Fed.R.Evid. 801(d)(1)(B) [prior consistent statement] because Bond did not testify. It was not admissible as an admission by a party-opponent because it was not offered against a party within

3

>  the meaning of Fed.R.Evid. 801(d)(2); Bond offered the transcript to benefit himself.  The transcript was hearsay, fell within no hearsay exception, and the magistrate judge correctly excluded it from evidence.

*Id*.  The same reasoning applies here.

There are two possible exceptions to these limits, but neither will apply here with any frequency, if at all.  Defendants often try to argue that their prior statements are admissible under FRE 803(3) to show their state of mind at the time.  But the Eleventh Circuit, in a crystal-clear series of decisions, has now cut back on this argument.

As it explained initially in *United States v. Samaniego*, 345 F.3d 1280, 1282 (11th Cir. 2003): "[T]he state of mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind. . . .  [T]he purpose of the exclusion from Rule 803(3) admissibility is to narrowly limit those admissible statements to declarations of condition 'I'm scared' and not belief 'I'm scared because [someone] threatened me.'"  The Court of Appeals applied this principle in *United States v. Duran*, 596 F.3d 1283, 1297 (11th Cir. 2010) to affirm Judge Lenard's rulings applying *Samaniego* in a high-profile espionage case.  There, the defendant repeatedly attempted to introduce transcript excerpts and statements he made to the effect that he was not an agent for the Venezuelan government.  Judge Lenard excluded this evidence, and the appeals court agreed:

>  Duran argues that the district court abused its discretion in excluding admissible hearsay evidence under the Federal Rule of Evidence 803(3) state of mind hearsay exception proffered by Duran to show that he did not intend to act as an agent of the Venezuelan government. Rule 803(3) provides that regardless of whether the declarant is unavailable as a witness, the hearsay rule does not exclude:

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed.
>
> The Supreme Court held that out-of-court statements admitted into court to establish intent are admissible. *Mutual Life Ins. Co. of N.Y. v. Hillmon*, 145 U.S. 285, 295, 12 S.Ct. 909, 36 L.Ed. 706 (1892). "[T]he state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind." *United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir.1980).
>
> Duran argues that several hearsay statements should not have been excluded under Rule 803(3) because they tended to prove that Duran did not intend to act as an agent of the DISIP. The Government argues that the district court never reached the question of whether the contested testimony lay outside the permissible scope of Rule 803(3); rather, the court's rulings were based upon its finding that the testimony was irrelevant and excludable under Rule 401. That Duran told a United States customs agent that he was in the United States to meet with Antonini, while he was carrying newspaper articles related to the Antonini matter was properly excluded because it did not meet Rule 401's test for relevancy, while statements concerning Venoco's future did not fall within the state of mind exception because they explain why Duran had a concerned state of mind.
>
> Further, the final statement, that Duran told Maionica "I'm never bringing [Antonini] that money," was arguably relevant but not particularly probative. D.E. 409 at 4. While Duran argues that his statement was a clear expression of intent used to show Duran was not acting as an agent of the DISIP, the Government correctly argues that Duran's proclaimed intent to deprive Antonini of his $2 million bribe provides no insight as to whether Duran had, over the preceding four months, acted as Venezuela's agent. . . . The admissibility of Duran's statement that he did not intend to deliver the money to Antonini for the purpose of showing that Duran did not intend to act as an agent of the DISIP was a close call under Rule 803(3), and the exclusion of the statement, if error, was harmless.

*Samaniego* and *Duran* are critical opinions, because they limit, properly, the defense's ability to cite "state of mind" every time they want to put their clients' hearsay before the jury. Simply put, if what the defendant *really* wants is to get across the "why" or the "because," the statement should be excluded.

5

Aside from 803(3), the Khans may try to argue that certain statements are not being offered for the truth of the matter asserted, but rather for some other purpose (*i.e.,* not for truth) that takes the statement out of the definition of hearsay. This Court should insist that they articulate the relevance of the purported purpose, however. This will prove difficult for them. To be admissible as a statement offered to show the effect on the listener rather than for the truth, for example, the statement must help establish that the listener did something, or took some specific action, *in direct response* to what was said, whether it was true or not. Izhar, for example, is obviously not in a position to make that argument about conversations in which he did not even participate. And to reiterate, what the listener did in response to the statement must be relevant – the Court must ensure that the listener's action actually matters and proves or disproves a fact relating to the charges against the Khans.

### **Hearsay Testimony from the Defense: Third Parties (FISA transcripts/FBI 302s)**

We also expect the defense will try improperly to put before the jury statements by third parties, whether made in transcripts not in evidence or in FBI reports. It is essential the Court recognize that these statements are, with few exceptions, *not* admissible. "[A]n accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988).

A defendant generally cannot introduce conversations or statements by third parties because they are hearsay. This means that the Khans cannot admit into evidence recorded conversations involving third parties such as their co-defendants or co-conspirators in Pakistan unless those conversations were first introduced by the Government. Courts in the Eleventh Circuit and elsewhere have reached this conclusion. *See United States v. Gossett*, 877 F.2d 901,

906 (11th Cir. 1989) (upholding district court's refusal to admit statements made by co-defendant to a third party); *see also United States v. Arroyo*, 406 F.3d 881, 887-88 (7th Cir. 2005) (conversation between government agent and CI not admissible when offered by the defense); *United States v. Harwood*, 998 F.2d 991, 997-98 (2nd Cir. 1993) (same); *United States v. Demosthene*, 334 F. Supp. 2d 378 (S.D.N.Y. 2004) (holding that recorded conversation between CI and defendant's wife would constitute hearsay and could not be introduced by defense), *aff'd*, 173 Fed. Appx. 899 (2nd Cir. 2006).

Importantly, there is no exception to these rules for the contents of FBI 302s. Just because an agent is on the witness stand, and a 302 he authored contains interview statements by relevant third parties, does not mean that those statements are admissible, especially if the interview was not even addressed on direct.

We see no hearsay exclusion or exception, at this stage, which would allow the Khans to put third party statements before the jury themselves (even assuming they could lay the threshold foundation required to admit those conversations). F.R.E. 801(d)(2), which excludes from the definition of hearsay out-of-court statements by a party-opponent, is inapplicable because statements by third parties, including statements by co-defendants, are not considered statements by the Government – the party-opponent of the defendant in a criminal case. *See Gossett*, 877 F.2d at 906 (holding evidence inadmissible under Rule 801(d) (2) "because the admission sought to be introduced was made by a co-defendant who is not a party opponent. The Government is the party opponent of both defendants."). Likewise, the hearsay exclusion in F.R.E. 801(d)(2)(E) for co-conspirator statements applies only to statements by a co-conspirator *of the party against whom the evidence is offered*, which in a criminal case is the Government, making the exclusion

7

inapplicable. F.R.E. 801(d)(2)(E); *United States v. Maliszewski*, 161 F.3d 992 (6th Cir. 1998) (defendant cannot offer statements of own co-conspirator under this exception). And as discussed above, 803(3) will almost always be inapplicable, especially because the state of mind of persons other than the defendants is usually of no moment. *See Arroyo*, 406 F.3d at 888 (rejecting defendant's arguments that conversation between government agent and CI, which included an exculpatory statement about the defendant by the CI, was admissible to show the agent's "state of mind" in pursuing the investigation).

The Khans may also try to put third party statements before the jury during the questioning of witnesses. They may, of course, try to impeach a witness on cross-examination with his or her own prior inconsistent statements, but they cannot use a different person's statements for that purpose. As the Eleventh Circuit explained when it rejected such a tactic in *Gossett*, "[t]he law in this Circuit is settled that impeachment by prior inconsistent statement may not be permitted where it is used as a stratagem to get before the jury otherwise inadmissible evidence." 877 F.2d at 906.

Finally, the "rule of completeness," cited by the defendants in several of their motions in this case, does not excuse compliance with the hearsay rules, especially during cross. As discussed above, it is fair game for the defense to cross on the government's transcripts in evidence, once they have provided us the same notice about the portions/excerpts from our admitted transcripts they are going to use that we were compelled to give them. But the rule of completeness (FRE106) does not allow them to introduce statements not in evidence that would otherwise be barred as hearsay. The Rule of Completeness does not permit the introduction of evidence that would otherwise be inadmissible. In *United States v. Lentz*, 542 F.3d 501, 526 (4th

8

Cir. 2008), the Fourth Circuit held that Rule 106 does not "render admissible the evidence which is otherwise inadmissible under the hearsay rules." *Id.* at 526 (citation omitted). In addition, the Rule does not require the admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party. *Id.* Other Courts of Appeals have reached the same result. *See United States v. Quansah*, 171 F. App'x 51, 2006 WL 620755 (9th Cir. 2006); *United States v. Ramos-Caraballo*, 375 F.3d 797 (8th Cir. 2004); *United States v. Shaver*, 89 F. App'x 529 (6th Cir. 2004) ("Exculpatory hearsay may not come in solely on the basis of completeness."). This argument (indeed, all of the issues addressed here) were briefed on appeal the convicted defendants in the Padilla case, but rejected by the Eleventh Circuit, which found that the district court properly applied the limits discussed in this motion. *See United States v. Jayyousi*, 657 F.3d 1085, 1092 n.3 (11th Cir. 2011).

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By:   /s/ John C. Shipley
      John C. Shipley
        Assistant United States Attorney
        FL Bar No. 0069670
      Sivashree Sundaram
        Assistant United States Attorney
        District Court No. A5501212
      Michael Patrick Sullivan
        Senior Litigation Counsel
        FL Bar No. 0134814
      United States Attorney's Office
      99 N.E. 4th Street, Suite 800
      Miami, Florida 33132-2111
      John.Shipley@usdoj.gov
      Sivashree.Sundaram2@usdoj.gov
      Pat.Sullivan@usdoj.gov
      Bridget Behling

                                                 Trial Attorney, Counterterrorism Section,
                                                 United States Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2013, I electronically filed the foregoing with the Clerk of the Court using CM/ECF for electronic delivery to all counsel of record.

                                                 /s/ John Shipley
                                               Assistant United States Attorney