UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20331-CR-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAFIZ MUHAMMAD SHER ALI KHAN,

    Defendant.
_____/

**MOTION TO RELOCATE DEPOSITIONS OF REMAINING RULE 15
WITNESSES TO A THIRD PARTY COUNTRY**

    COMES NOW the Defendant, Hafiz Khan, and requests that the depositions of witnesses Abdul Quayyam, Abdul Baseer, Mohammad Yousuf Khan, Mohammad Sher Ali Khan, Sardar Ali, Noor Mohammad, Amina Khan, Alam Zeb and Anayatullah be re-scheduled to take place in a third party country to be mutually agreed upon instead of the currently scheduled Islamabad. As grounds therefore, the Defendant states:

    1. The depositions were scheduled in Islamabad with the knowledge of the Pakistani government, specifically, the Foreign Affairs Ministry and the Interior Department. Both local counsel and undersigned counsel met with members of the aforementioned agencies and there has been continued communication between counsels and those agencies. None of the agencies contacted in this behalf stopped or advised not to carry on the intended depositions. . The undersigned counsel had made a trip to Pakistan in December 2012 to get the permission of the

1

Pakistani government as ordered but it transpired that such permission was not needed by private entities as stated in the affidavit filed on Dec 20 2012 [DE 598-1]. This Court then ordered the Prosecution that they had to make a formal request to the Pakistani Government the progress of which is not known to Defense.

2. There were no attempts to conceal the process of taking video teleconference statements. In fact, defense counsel, through local counsel, had been reaching out to the Ministry of Foreign Affairs and the Interior Ministry on a regular basis since January 26th, 2013 when the date and method of depositions changed to February 11, 2013 as a live feed. Additionally, the visas for co-counsel and the technical team had been in limbo and a daily discussion was had with the Ministry of Foreign Affairs at Islamabad which was followed up by meeting relevant officials of the Interior Ministry. These meetings further outlined that depositions would take place beginning February 11, 2013 and who the witnesses would be. Further the agencies were advised of any information they requested about the nature of the litigation and who would participate by video teleconference. Finally as to the visa issue Defense counsel and the Pakistani Embassy in the United States had been in almost daily communication whereby any questions they had about the proceedings were answered in an open and notorious manner. This entire proceeding has been conducted in the light of day.

On the day the proceedings were to start, February 11, 2013, there were no requests by any government agency to stop the proceeding. The position that had been taken since December that no written permission was necessary remained in tack as far as Defense knew. No government agencies sent personal to the location of the deposition which was known to the Interior and Foreign Affairs Ministry's. Testimony proceeded on that date in an uneventful manner with both the agencies knowledge and a good deal of awareness in the hotel of the

2

proceedings. Again these proceedings were intended to be and were conducted in the light of day via knowledge of the relevant civilian agencies. Despite these efforts, the video feed of the depositions was terminated on February 12, 2012. The termination occurred the day after the prosecution specifically mentioned in open court that the depositions were being taken in the Serena Hotel on what is to be a closed video feed. Defense counsel is unaware of which agency took adverse actions to shut down the video feed. Defense counsel has made no attempts to conceal this process. There was no need to conceal a process that was both lawful and in knowledge of multiple arms of the Pakistani government. Some factor clearly changed on Monday to precipitate the response the next day.

3. Efforts have been made to determine which agency may have taken the step to terminate the feed. After speaking to senior officials at the Ministry of the Interior and the Foreign Ministry, Defense counsel was advised neither had any knowledge that the feed was terminated until advised by Defense counsel. The official contacted at the Ministry for Foreign Affairs has stated they will look into the matter. Based on the fact that the depositions were obstructed by a termination of the live feed from outside the hotel it is now apparent that the depositions cannot be continued in Islamabad. It has also been found by this Court that the depositions are necessary for Mr. Khan to receive a fair trial.

The location of the depositions should be limited to those parties that need to know the location including local government entities. While the process must be open and transparent there must also be some caution to insure the safety of all the participants. This request is not unprecedented,[1] and is in fact the better practice. The process in a third party location can

---

[1] In the case of *United States v. Abu Ali*, defense counsel conducted Rule 15 depositions that were approved by the Saudi Arabian government. Because of the inherent safety concerns with any terrorism trial, each day of testimony began with counsel being driven in a windowless vehicle to a venue, the location of which even they did not know. In that case, the government moved to prevent any mention of the location of the depositions. Defense counsel was

3

conducted either by VTC with both sets of counsel present or a more traditional deposition method.

During a telephonic hearing on February 12, 2013, Defense counsel referenced the fact that the government mentioned the Serena Hotel. Defense counsel was not concerned that official government entities suddenly became aware of the VTC being conducted in Islamabad. That fact has been abundantly documented in a long series of writings to the various Pakistani agencies. The concern was for the safety of the participants from non-government entities. VTC is not an encrypted feed. While the hotel is very secure, Americans do have a high retail value for kidnappers in Pakistan and numerous other countries around the globe. Additionally, the witnesses are prepared to (and have) testified in a manner that is disfavorable to the Taliban which may put them at risk.

It is possible that the termination of the video feed was due to the actions of a) some arm of the government that has an agenda other than that of those with whom the Defense had been communicating, or b) some other independent group or individual, or c) it may have been total coincidence. At this time the agencies that were to be noticed for such a process, Interior and Foreign Affairs, state they have no knowledge the feed was terminated. It is NOT possible, however, that the Defense could have done more in this case to make the process transparent and obvious to the Pakistani government, or safer for the participants. The witness testimony is critical to the Sixth Amendment rights of Mr. Khan.

WHEREFORE , the Defendant moves that this Court allow the venue of the Rule 15 depositions to be transferred to a third party country and that the location of the depositions be known only to the Court and the appropriate party in the United States Attorney's Office and

---

not even to know the location of the depositions. This was all done in the name of safety from non-government actors.

relevant government entities needed to facilitate the process.

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of February, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either by electronic transmission generated by CM/ECF, or in some other manner for those counsel or parties who are not able to receive electronic filings.

Respectfully Submitted,


_____/s/_____

KHURRUM B. WAHID, ESQUIRE
FLORIDA BAR NO. 178764

WAHID VIZCAINO L.L.P
6221 W. ATLANTIC BLVD.
MARGATE, FLORIDA 33063
TEL. (305) 444-4303
EMAIL: khurrum@wvmlawfirm.com