UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20331-CR-RNS

UNITED STATES OF AMERICA,
   Plaintiff,
vs.

HAFIZ MUHAMMAD SHER ALI KHAN,
   Defendant.
_____/

**DEFENDANT HAFIZ KHAN'S MOTION FOR
COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Defendant, Hafiz Khan, through undersigned counsel, respectfully requests that this Court reduce his sentence because of his terminal illness, pursuant to the "compassionate release" provision of the First Step Act. 18 U.S.C. § 3582(c)(1)(A)(i).

As of today, Friday, October 4, 2019, Mr. Khan, who has been suffering significant health problems, including pneumonia and cancer, is now "non-verbal" and cannot be medicated due to risk of aspiration. (Exh. A.)[1] Mr. Khan's FMC Butner doctor, Dr. Franklin Olmo, has contacted Mr. Khan's family to inform them that Mr. Khan has a "very poor prognosis" and has had "consistent deterioration despite treatment." *(Id.)* His situation is so serious that the doctor explained the likelihood of heart failure and what resuscitation might do to Mr. Khan. Accordingly, Mr. Khan has now been placed in the status of "Do not resuscitate/Do not treat/Do not intervene" and instead,

---

[1] Given the urgency of this request, portions of the medical records, which were produced today on an expedited basis by BOP to undersigned, are being filed publicly with personal identifying information redacted. A complete unredacted set of the medical records will be filed separately under seal on Monday, October 7, 2019.

simply be kept "with comfort measures." *(Id.)* He cannot respond to commands, has "shallow breathing," and is being given morphine every four hours. (Exh. B.)

On Monday, September 30, 2019, doctors at FMC Butner first contacted Mr. Khan's family to advise them that Mr. Khan was unresponsive. Given the severity of his situation, Butner arranged for Mr. Khan's family to visit him two days later on Wednesday, October 2, 2019. Additionally, Probation has conducted a home visit here in South Florida on Wednesday, October 2, 2019, to determine the suitability of the proposed home for Mr. Khan's release.

Given what appears to be Mr. Khan's imminent death, he, together with his family, are requesting he be allowed to die at home. Mr. Khan is presently 84 years of age and has served a total of 8 years and 4 months of his 25-year sentence. For the following reasons, the motion should be granted.

## I. PROCEDURAL HISTORY

Mr. Khan is currently serving a 25-year sentence imposed on August 23, 2013, after a jury found him guilty of violating 18 U.S.C. §§ 2339A and 2339B. (DE 808). He is currently housed at FMC Butner due to his serious medical problems. On August 20, 2019, Mr. Khan filed a request for compassionate release with the warden. (Exh. C.) To date, he has not received a reply.

Mr. Khan is about to die. On September 30, 2019, the Bureau of Prisons called his family members to arrange a special final visit. That visit took place on October 2, 2019. This motion is being filed to allow Mr. Khan to die at home with his family members.

## II. LEGISLATIVE BACKGROUND

Effective December 21, 2018 as part of the "First Step Act," Congress amended § 3582(c)(1)(A), commonly known as the "compassionate release" provision of the federal sentencing laws. Prior to that date, a motion to reduce a criminal sentence on the basis of "extraordinary and compelling reasons" could be filed only by the Director of the Bureau of Prisons. Frustrated with the Bureau's extreme reluctance to utilize this authority in the humane spirit originally intended, Congress amended the provision in two critical (and related) respects, one procedural and the other substantive. First, procedurally, 18 U.S.C. § 3582(c) was amended to allow a defendant to bring his or her own motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Second, substantively, for cases where the motion was based on terminal illness, Congress enacted a definition of "terminal" (among other reforms) to override the Bureau's tendency to wait too long before filing.

## III. SENTENCING REDUCTION AUTHORITY PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

Mr. Khan's present motion is properly before the Court because there has been a 30-day lapse since his request to the Warden, who has not yet responded. In *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019), the defendant requested compassionate release on December 10, 2018. *Id*. The War-

den did not take action on her request until May of 2019, when her request was denied. *Id*. In the meantime, the defendant had filed a motion with the court on January 24, 2019. *Id*. The court held that her motion was properly presented because of the 30-day lapse between December 10, 2018 and January 24, 2019. *Id*; *see also United States v. York*, No. 3:11-CR-76, 2019 WL 3241166, at *5–6 (E.D. Tenn. July 18, 2019).

This Court has discretion to reduce the term of imprisonment imposed in this case based on § 3582(c)(1)(A)(i), which states in relevant part that the Court "may reduce the term of imprisonment, after considering the factors set for in [18 U.S.C. §] 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" The latter condition refers to the fact that Congress, in the Sentencing Reform Act of 1984, and at the same time it enacted § 3582(c)(1), conferred on the Commission the duty and responsibility to articulate policies respecting "the appropriate use of . . . the sentence modification provisions set forth in section . . . 3582(c). 28 U.S.C. § 994(a)(2)(c).

In particular, the Commission was assigned the task of promulgating policy statements regarding "what should be considered extraordinary and compelling reasons for sentencing reduction, including the criteria to be applied and a list of specific examples." *Id*. § 994(t). The Commission fulfilled this responsibility by promulgating

4

USSG § 1B1.13, which was last revised effective November 1, 2018.[2] Under that Policy Statement, "terminal illness"—defined as a "serious and advanced illness with an end of life trajectory"—has always been considered a qualifying reason for sentence reduction. This flexible definition of "terminal" was the one adopted by Congress in 2018 in the new § 3582(c)(1), rejecting the stricter standard formerly applied by the Bureau of Prisons when exercising its now-repealed gatekeeper role. *See* § 1B1.13(1)(A), as elaborated in Application Note 1(A)(i) (giving "metastatic sold-tumor cancer" as an example of a qualifying "terminal illness.").

Here, the BOP medical records show that Mr. Khan satisfies this criterion. Again, as of today, Friday, October 4, 2019, Mr. Khan, who has been suffering significant health problems, including pneumonia and cancer, is now "non-verbal" and cannot be medicated due to risk of aspiration. (Exh. A.) He has a "very poor prognosis" and has had "consistent deterioration despite treatment." *(Id.)* He has now been placed in the status of "Do not resuscitate/Do not treat/Do not intervene" and instead, is simply being kept "with comfort measures." *(Id.)* He cannot respond to commands, has "shallow breathing," and is being given morphine every four hours. (Exh. B.)

Mr. Khan is nearing the end of his life, is no longer fully alert, and the BOP has made arrangements for special visits with his family members. Probation has conducted a home visit, and the BOP has assisted in expediting the production of

---

[2] Accordingly, the wording of the Policy Statement does not fully account for the changes wrought by the First Step Act. Unfortunately, for lack of a Senate-confirmed quorum, the Commission is presently disabled from updating and revising § 1B1.13 (or any other provision of the Guidelines Manual) to make needed revisions.

medical records to assist undersigned in filing this motion. A patient with a terminal illness nearing the end of his life is exactly the kind of defendant that meets the extraordinary and compelling reasons contemplated by 18 U.S.C. § 3582(c)(1)(A)(i) and USSG § 1B1.13.

IV. SECTION 3553(a) CONSIDERATIONS

With the Sentencing Commission's Policy criterion satisfied and the "exhaustion" requirement met, the task before the Court is to determine whether a sentence reduction (such as to time served) is "warranted" upon reconsideration of the case under the present circumstances, in light of the § 3553(a) factors. Most notably, a federal sentence should never be "greater than necessary" to achieve those purposes. A sentence longer than the defendant's probable life expectancy would seem presumptively to violate that principle.

The nature and circumstances of the offense and the history and characteristics of the offender, *see* § 3553(a)(1), coupled with the need to ensure adequate punishment, deterrence and community protection *see* § 3553 (a)(2)(A–C) and to avoid unwarranted disparity *see* § 3553 (a)(6), were deemed at the time of sentencing to require the 25 year term of imprisonment imposed. Now that Mr. Khan's health has significantly deteriorated so significantly, a sentence reduction is warranted for the same reasons. Mr. Khan is unresponsive, confined to a bed, being given palliative care in the form of morphine—in sum, he is in no way a threat to society if released.

If released, Mr. Khan would reside in Miami with his son Ikram Khan, who was not a codefendant.

**WHEREFORE**, based upon the foregoing, Mr. Khan respectfully requests that this Court grant him an immediate reduction in his sentence to time served, resulting in commencement of supervised release. Mr. Khan is nearing the end of his life, and compassionate release is warranted at this time under § 3582(c)(1)(A)(i).

    Respectfully submitted,

    MICHAEL CARUSO
    Federal Public Defender

By:   *s/Sowmya Bharathi*
    Supervisory Assistant Federal Public Defender
    150 West Flagler Street, Suite 1700
    Miami, Florida 33130-1555
    305-533-4188
    Sowmya_Bharathi@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on October 4, 2019, a copy of this document will be served on counsel of record via CM/ECF. Additionally, unredacted copies of the exhibits will be emailed to AUSA John Shipley.