United States District Court
Southern District Of Florida

Case No.  11-20331-CR-SCOLA

United States Of America,
    Plaintiff

vs.

Hafiz Muhammad Sher Ali Khan,
    Defendant.
_____/

### Order Granting Defendant's Motion for Compassionate Release

On October 4, 2019, Defendant Hafiz Kahn filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 889.) The Court heard argument from the parties on October 8, 2019, October 10, 2019, and October 11, 2019. Having considered the motion, the Government's written response, the testimony of the Bureau of Prisons medical doctor, the relevant legal authority, and argument of counsel, the Court **grants** the Defendant's motion. (**ECF No. 889**.)

According to the Defendant's motion, Kahn is suffering from a terminal illness, including pneumonia, dementia, and cancer, and is now non-verbal. (*Id.* at 1.) He cannot be medicated because of the risk of aspiration and has been placed in the status of "do not resuscitate/do not treat/ do not intervene." (*Id.*) He is currently receiving palliative care at the federal prison in Butner, North Carolina. (*Id.* at 2.) The Government opposes the motion arguing that Khan remains a danger to the community. (ECF No. 84 at 6.) The Government argues that if Kahn is allowed to reside at home and receive visitors or make unmonitored phones calls, he would become a living martyr to others who share his radical beliefs. (*Id.* at 7.) According to the Government, "simply his presence may provide an inspiration to a fighter." (*Id.*)

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), provides that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the

> term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines Policy Statement, the court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that. . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *Id.* at policy stmt. The Guidelines commentary states that "extraordinary and compelling" reasons exist if the defendant is suffering from a terminal illness, "i.e., a serious and advanced illness with an end of life trajectory." *Id.* at cmt. n.1. "A specific prognosis of life expectancy . . . is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.*

Based on this framework, in order to reduce Kahn's term of imprisonment to time served, the Court must consider the factors in 18 U.S.C. § 3553(a), find that he is suffering from a terminal illness, and that he is not a danger to the community.

The Court heard telephonic testimony from the doctor overseeing Kahn's care at the Bureau of Prisons, Dr. Franklin Olmo. Dr. Olmo testified that Kahn is suffering from various heart conditions, chronic obstructive pulmonary disease, hypertension, severe dementia, and cancer and will die imminently. According to Dr. Olmo, Kahn is unresponsive and non-verbal. He is not eating or drinking because there is a risk of aspiration. It is highly unlikely that he will recover. Dr. Olmo believes Kahn will survive a few more days or, at the most, a couple of weeks. The Government does not dispute Dr. Olmo's testimony. Based on Dr. Olmo's testimony, the Court finds that Kahn has shown that extraordinary and compelling reasons warrant a reduction in his sentence.

The Court must also evaluate whether Kahn is a danger to the safety of others or the community under 18 U.S.C. § 3142(g). At the time of sentencing, the Court found that he posed a great danger to the community even though he did not actively participate in violence. He used his words to raise and send money to Pakistan in support of terrorism. His words incited violence and supported the terrorist cause. At the time of his conviction, although he was

elderly, Kahn posed a threat to the community because of his ability to speak and provide financial support to a terrorist organization. Now, however, Kahn is unable to speak. He is unconscious and receiving palliative care. Significantly, Dr. Olmos testified that Kahn is presently suffering from severe dementia and he does not expect Kahn to ever be verbal again. Kahn no longer has the ability to speak and use his words to incite violence and his demise is imminent. Therefore, the Court finds that Kahn no longer poses a threat to the community.

Lastly, the Court will consider the applicable 18 U.S.C. § 3553(a) factors. At the time of sentencing, the nature and circumstances of the offense and the history and characteristics of the offender, *see* § 3553(a)(1), coupled with the need to ensure adequate punishment, deterrence, and community protection, *see id.* at (a)(2)(A-C), and to avoid unwarranted disparity, *see id.* at (a)(6), warranted a sentence of 25 years of imprisonment. The Court agrees with the Government that the nature and circumstances of Kahn's offense is just as serious today as it was at the time of sentencing. However, Kahn is now unresponsive and confined to a bed. He no longer poses a threat to the community and confining him to prison for the last few days of his life does not serve the purposes of punishment under § 3553(a)(2).

Based on the foregoing, the Court **grants** the Defendant's motion for compassionate release. (**ECF No. 889**.) Hafiz Khan is hereby sentenced to TIME SERVED followed by five years of supervised release. The terms of his supervised release are as follows:

- Kahn shall be immediately released and transferred by ambulance to Transitions LifeCare, a hospice facility in Raleigh, North Carolina.
- Kahn is forbidden from using the telephone or accessing the internet.
- Kahn may only receive visitors from the following list of individuals:
  - Fatima Khan
  - Ikram Khan
  - Irfan Khan, his wife Shazia, and their three minor children
  - Izhar Khan and his wife Reeshma
  - Izhaz Khan, his wife Kalsoom, and their three minor children
  - Shah Wali Khan and his wife Rang Mahal
  - Hafiz Obaidullah Khan and his wife Mehar, and their four adult children, Imdad, Inayatullah, Kifayatullah, and Habibullah
  - Shahi Merman Khan (sister), her husband Ajab, and their adult sons Ismail, Ziaullah, and Saifullah

- Until such time as supervision is transferred to the Eastern District of North Carolina, the U.S. Probation Office for the Southern District of Florida shall contact Transitions LifeCare at least every 72 hours to ensure compliance with the conditions of supervised release and must file on the docket weekly status reports regarding Kahn's health and his compliance with the terms of his supervised release. The first status report is due on October 18, 2019.

The Clerk is **directed** to forward immediately a copy of this order to the Bureau of Prisons, the U.S. Marshal, and Probation.

**Done and ordered** at Miami, Florida, on October 11, 2019.

_____
Robert N. Scola, Jr.
United States District Judge